Philadelphia, Appellant, *v.* Pioneer Custom
Upholstery Co., Inc.

Argued September 14, 1962. Before RHODES, P. J.,
ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*James L. Stern,* Deputy City Solicitor, with him *Albert J. Persichetti* and *Matthew W. Bullock, Jr.,* Assistant City Solicitors, and *David Berger,* City Solicitor, for City of Philadelphia, appellant.

No argument was made nor brief submitted for appellees.

OPINION BY FLOOD, J., November 15, 1962:

This is an appeal from an order sustaining the preliminary objections of the defendant Sander Oslick to the plaintiff's complaint in equity. The complaint alleges that the corporate defendant failed to file returns for wage taxes withheld from its employees for the fourth quarter of 1953 and the first and second quarters of 1954; that the defendant Oslick was president, the defendant Brofman secretary and treasurer and the defendant Cohen vice-president of the corporate defendant and knew that the wage taxes were withheld by the corporation and not remitted to the plaintiff; that on April 29, 1954, bankruptcy proceedings were instituted against the corporation; that the plaintiff made an examination and audit of the records of the corporation and on July 12, 1954 made an assessment for the unpaid taxes, and filed a proof of claim in the bankruptcy proceedings but received no dividend; that a notice and demand was duly mailed to the defendants on May 21, 1958 with which the defendants failed to comply; and that the corporate de-

fendant and the defendant-officers have converted the wage taxes which were withheld to their own use and by reason thereof are trustees ex maleficio.

The bill prays for an injunction restraining the defendants from disposing, assigning or transferring their assets and for a decree declaring the defendants to be trustees ex maleficio and ordering them to pay to the plaintiff all wage taxes withheld together with interest and penalties.

The defendant Sander Oslick filed preliminary objections alleging that (1) the plaintiff is guilty of laches; (2) the complaint sets forth no cause of action against him; and (3) the plaintiff has an adequate remedy at law. The court sustained the objections on the ground of laches and dismissed the complaint.

While the defence of laches ordinarily depends upon all the circumstances, when, as here, the liability of the defendant is one which might have been asserted in an action of trespass or assumpsit and is cognizable in equity only because facts are alleged from which it might be inferred that the defendant is a trustee ex maleficio, the plaintiff will normally be barred after the expiration of six years by analogy to the statute of limitations. *Ashhurst's Appeal,* 60 Pa. 290 (1868); *Barnes & Tucker Co. v. Bird Coal Co.,* 334 Pa. 324, 330, 5 A. 2d 146, 149 (1939). See also *Ebbert v. Plymouth Oil Co.,* 348 Pa. 129, 34 A. 2d 493 (1943).

Here there is no concealment alleged to take the case out of this general rule. On the contrary, the allegations of the bill show that the facts were known to the plaintiff almost at once after they occurred and at the latest when the plaintiff audited the defendant-corporation's records prior to July 12, 1954, but suit was not brought until 1962.

This is not a suit to enforce an express trust or to recover specific property. There is no averment that wage taxes withheld by the defendant corporation ever

came into the hands of Oslick, its president. There is no indication that there is any trust res in the hands of the defendant Oslick. There is at most the bare legal conclusion in paragraph 16 of the complaint that the defendant corporation and the named officers, including Oslick, have fraudulently converted to their own use the wage taxes withheld and by reason thereof are trustees ex maleficio. No facts are set forth upon which to base this conclusion as to the officers except that they knew the taxes were withheld by the corporation and not remitted to the plaintiff. But even if there is a sufficient allegation of a constructive trust, the six year limitation applies by analogy to the statute of limitations under the circumstances set forth in the pleadings in this case. *Barnes & Tucker Co. v. Bird Coal Co.,* supra; *Wosche v. Kraning,* 353 Pa. 481, 46 A. 2d 220 (1946).

The city argues that this rule cannot apply here because in a suit for taxes there is no statute of limitations, and a suit in assumpsit for taxes would not be barred at the time the equity suit was brought in this case. However, although there is no limitation as to the time for the collection of taxes from a taxpayer or from one having a duty to withhold or pay over taxes, this is not true as to a suit against a third party who is sought to be held because of his negligence or conversion or as a trustee ex maleficio. No statute or ordinance has imposed the tax here in question upon the defendant Oslick, nor has any statute ordered him to withhold it and pay it over to the city. His duty, if any, arises out of the common law by reason of his alleged tort. As to this the six year statute would apply in a suit against him in trespass or assumpsit and, under the circumstances of this case, by analogy the city's suit in equity against him is barred on the ground of laches.

Order affirmed.