Philadelphia, Appellant, *v.* Louis Laboratories,
Inc. et al.

Argued March 22, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*David Kanner,* for appellant.

*Matthew W. Bullock, Jr.,* Assistant City Solicitor, with him *Ellis A. Horwitz,* Assistant City Solicitor, *James L. Stern,* Deputy City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellee.

OPINION BY FLOOD, J., April 18, 1963:

This case is in its essentials similar to and governed by our decision in *Philadelphia v. Pioneer Custom Up-*

*holstery Co., Inc.,* 199 Pa. Superior Ct. 528, 185 A. 2d 641 (1962).

The defendant, Louis Laboratories, Inc., failed to pay wage taxes due to the city for the years 1945 to 1949, inclusive. In December 1949 bankruptcy proceedings were instituted against it and thereafter the city received a dividend of $128.97 in the bankruptcy proceeding. On February 18, 1959 the city filed this complaint in equity against the corporation and its three officers. The complaint asserted that the appellant Louis L. Love was president of the corporation during the years 1945 to 1949, inclusive, that the wage taxes assessed against the corporation for those years had not been paid and that the defendant officers had fraudulently converted to their own use the wage taxes withheld or which should have been withheld by them. This was precisely the situation in *Philadelphia v. Pioneer Custom Upholstery Co., Inc.,* supra, where we held the city was barred by its laches in bringing the suit more than eight years after the taxes became due and the proceedings in bankruptcy had been instituted. The city attempts to distinguish this case from the *Pioneer Custom Upholstery Co., Inc.* case upon several grounds.

1. The city argues that laches was not properly pleaded in this case since it was not pleaded as "New Matter". For this it relies on Pa. R. C. P. No. 1030. However, this rule like the other assumpsit rules, applies in equity, under Pa. R. C. P. No. 1501, only in cases where there are no specific rules governing equity actions. Pa. R. C. P. No. 1509(b), governing equity cases, provides that the defence of laches "may be raised by preliminary objection, answer or reply but [is] not waived if not pleaded". Indeed, it has been held that the court may deny relief because of laches even if it is not pleaded. *Grange National Bank v. First National Bank,* 330 Pa. 1, 198 A. 321 (1938).

While Pa. R. C. P. No. 1509(b) was apparently overlooked in *Lindenfelser v. Lindenfelser*, 383 Pa. 424, 119 A. 2d 87 (1956), cited by the plaintiff, the true rule was later laid down by the present Chief Justice in *Silver v. Korr*, 392 Pa. 26, 139 A. 2d 552 (1958).

2. The city also contends that the defendant offered no proof of laches. Where laches is clearly apparent on the face of the complaint, it may be successfully interposed as a defence without further evidence. "In the absence of fraud or concealment, it is a general rule that laches follows the statute of limitations and will bar all transactions that occurred beyond the six year limitation of the statute." *Silver v. Korr*, supra.

As we said in *Philadelphia v. Pioneer Custom Upholstery Co., Inc.,* supra, at p. 530: "While the defence of laches ordinarily depends upon all the circumstances, when, as here, the liability of the defendant is one which might have been asserted in an action of trespass or assumpsit and is cognizable in equity only because facts are alleged from which it might be inferred that the defendant is a trustee ex maleficio, the plaintiff will normally be barred after the expiration of six years by analogy to the statute of limitations. Ashhurst's Appeal, 60 Pa. 290 (1868); Barnes & Tucker Co. v. Bird Coal Co., 334 Pa. 324, 330, 5 A. 2d 146, 149 (1939). See also Ebbert v. Plymouth Oil Co., 348 Pa. 129, 34 A. 2d 493 (1943)."

3. In the next place the city argues that the allegation of fraudulent conversion in the complaint of the *Pioneer Custom Upholstery Co., Inc.* case was a bare legal conclusion whereas here evidence was taken which showed fraud. The city relies upon evidence that Louis Love owned a great majority of the shares of the corporation and invested most of the capital with which it did business. This is not evidence of fraudulent conversion. Since fraud was not proved,

such cases as *Vierling v. Baxter*, 293 Pa. 52, 141 A. 728 (1928) are not relevant.

The city argues that the evidence shows that Louis Laboratories, Inc. was a one-man corporation and the corporate veil should be pierced. However, this action was not brought upon the theory that the defendant Louis Love was operating a one-man corporation and that the corporate veil should be pierced so that he might be held liable for the taxes due by the corporation. The complaint is based upon the theory that the corporation owed the taxes, that it had the money in hand to pay them and that this money was fraudulently converted by the defendant, who is its president, and his fellow officers. The evidence that the company was a one-man corporation falls far short of proving the averments of the complaint.

4. Nor has the city cited any authority to the effect that the owner of a one-man corporation is, by that mere fact, liable for the corporation's taxes. In the case relied upon by the court below, *Philadelphia v. Heinel Motors, Inc.*, 142 Pa. Superior Ct. 493, 16 A. 2d 761 (1940), the defendant had actually collected the sales tax due the city from its customers and there was a true trust of the moneys so collected. There was no money collected or other trust fund for the city in the hands of the defendant Love under the evidence in this case.

5. Finally the city attempts to distinguish this case upon the ground that the defendant Love was assessed personally for these taxes and made a payment of $140 upon them in 1950. This again is not the cause of action pleaded. There is no averment in the complaint of an assessment against Love personally. If the city wished to collect from him on this basis it should have so averred, so that he might have raised any objection he might have had to such a cause of action or pleaded any defence available to him upon it. Even

if he might be precluded from contesting the correctness of the assessment under our decision in *Philadelphia v. Sam Bobman Department Store Co.*, 189 Pa. Superior Ct. 72, 149 A. 2d 518 (1959), we cannot say that he may not have other defences, which unlike laches in equity, would be available to him under Pa. R. C. P. No. 1030 only if pleaded.

The decree is reversed and the complaint is dismissed.