## Philadelphia v. Anthony's Cafe, Inc.

*David Berger*, for plaintiff.
*Joseph Skale*, for defendants.

KALLICK, J., July 2, 1964. — Plaintiff's complaint in equity is in two counts; the first pertaining to amusement taxes and the second to wage taxes, allegedly due and owing to the City of Philadelphia.

In the first count of complaint, plaintiff avers that the corporate defendant collected, or should have collected, certain amusement taxes due the City of Philadelphia; that, notwithstanding, neither the corporate defendant nor the individual defendants paid to the City of Philadelphia the proper amount of amusement taxes collected or which should have been collected; that two separate assessments were made against the corporate defendant for the amusement taxes in the net amount of $2,820.88, after a credit for payment of $397.35 on account had been given, together with interest and penalties as provided by section 19-601, et seq., of the Philadelphia Code of General Ordinances; that defendants did not petition for a review, and that such assessments, therefore, were final and conclusive.

The second count of the complaint avers that the corporate defendant employed persons to whom compensation was paid, and withheld, or should have withheld, wage taxes imposed under section 19-1501, et seq., of the Philadelphia Code of General Ordinances; that the City of Philadelphia made several assessments against defendant corporation and that after crediting defendants for payment on account thereof, there remained a balance of wage tax due and unpaid in the sum of $235.35, together with interest and penalties as provided by section 19-508 of the Philadelphia code.

The complaint also avers that all defendants knew, or should have known, that the aforesaid amusement and wage taxes, if not withheld then should have been withheld and that they were not remitted to the City of Philadelphia; and that by reason thereof, the complaint requests this court declare the individual defend-

ants to be trustees ex maleficio and to pay the City of Philadelphia the said taxes.

The defense is predicated upon several grounds. In the answer to the complaint, defendants under new matter aver "that the claim for taxes for the years 1955 and 1956 accrued more than six years prior to the filing of this action" and, therefore, "barred by the laches of the plaintiff." In addition, defendants also contend that defendant corporation did not exhibit entertainment up to the year 1956; defendants did not charge or collect an amusement tax at any time during its existence; the city's assessments of amusement taxes were arbitrarily based on gross receipts of the business without distinction as to nontaxable receipts; only the corporate defendant and not the individual defendants were assessed these taxes by the City of Philadelphia; defendant corporation did not have employes subject to wage taxes for the years 1954 and 1953; defendants made a bona fide effort to pay the taxes alleged to be due by refinancing the corporate business they operated and gave the City of Philadelphia a check of the finance company, by way of a compromise arrangement reached by the parties, in full payment of said taxes; City of Philadelphia received the check, but held it without depositing it for an unduly and unreasonable length of time; if said check was not honored at the time of its presentation for payment, it was no fault of defendants but due to the negligence and laches of plaintiff; therefore, defendants are not, and cannot be regarded as, trustees ex maleficio.

Upon a review of the record we make the following

*Findings of Fact*

1. Plaintiff, City of Philadelphia, is a city of the first class in the Commonwealth of Pennsylvania.

2. During the years 1955 to 1960, defendant Anthony's Cafe, Inc. operated a bar or night club at 1227 Locust Street, Philadelphia, Pa.

3. During the said years defendants, Evelyn and Joseph Anthony, were the President and Secretary-Treasurer, respectively, of defendant corporation and operated, managed and controlled its business.

4. During the years aforesaid Anthony's Cafe, Inc. operated under an amusement license which it obtained from the City of Philadelphia as provided under section 3 of the Amusement Tax Ordinance of June 29, 1937, P. L. 334, as amended, section 19-602 of the Philadelphia Code.

5. The City of Philadelphia made an examination and audit of the records of defendant corporation in July, 1957, and as a result thereof, made an assessment against defendant corporation for amusement taxes due as follows: for the year 1955, the sum of $1,303.13; for the year 1956, the sum of $1,188.33, and for the year 1957, January to June, the sum of $500.30.

6. Subsequent to said audit and assessment, defendant paid to plaintiff the sum of $600., of which $397.35 was applied to the Amusement Tax and the balance to interest and penalties.

7. Another audit by the City of Philadelphia, in June, 1961, resulted in an additional assessment against defendant corporation as follows: for the year 1958, additional tax due $21.05; for the year 1959, the sum of $53.63; for the year 1960, December, the sum of $151.79.

8. The total Amusement Tax assessed by the City of Philadelphia, and allegedly unpaid by defendant corporation, is $2,820.88, in addition to interest and penalties.

9. In July, 1957, the City of Philadelphia audited the records of the corporation and assessed wage taxes to be due the City of Philadelphia as follows: for the year 1953, $25.00; for the year 1954, $28., for the year 1955, $72.39, for the year 1956, $160.69. Later, as a result of another audit, the City of Philadelphia as-

sessed a wage tax against defendant corporation for the year 1960, in the sum of $74.66. This was in June, 1961. Against this outstanding indebtedness, defendant paid $196.54, of which $145.59 was applied to the basic tax and the balance to interest and penalties.

10. Defendants received notice of all the said assessments made by the City of Philadelphia, but did not file a petition for review thereof with the Philadelphia Tax Review Board as provided by section 19-1702 of the Philadelphia code.

11. Defendants, in July 1959, made a bona fide effort to, and in effect did adjust, by way of compromise, the claim of the City of Philadelphia, by giving the said City of Philadelphia, plaintiff, the check of the Time Sales Finance Corporation, dated July 23, 1959, drawn on the Industrial Trust Company, Philadelphia, to the order of plaintiff, the City of Philadelphia, in the sum of $3,122.27.

12. The aforesaid check was held by the City of Philadelphia from July 23, 1959, until September 2, 1960, a period exceeding 13 calendar months, and when finally presented for payment, the said check was not honored for the reason stamped thereon: "Payment stopped."

### Discussion

It may be noted the complaint in equity herein was filed on May 18, 1962; that the Amusement Tax Assessments begin with the year 1955, and the wage tax assessments with the year 1953. The defense of laches consequently is a factor in the consideration of this matter. See Phila. v. Pioneer Custom Upholstery Co., Inc. 199 Pa. Superior Ct. 528; Philadelphia v. Louis Laboratories, Inc., 201 Pa. Superior Ct. 16. But there are other factors which in our judgment weigh heavily on the side of defendants. The well established legal maxim that he who seeks equity must do equity and must come into court with "clean hands" is no mere

cliche or empty doctrine. It is a rule of law that plays an important role in the balance of the scale of justice. We believe the equities in the case before us are with defendants.

It is not denied, and in fact conceded by plaintiff, that a compromise agreement was tentatively, if not conclusively reached between the parties; that in pursuance of said settlement, a check in the sum of $3,122.-27 was given to plaintiff; and that the said check was in payment of all delinquent taxes due and owing from defendants to the City of Philadelphia. There is ample credible evidence to justify our assumption that at the time the check was given to the City of Philadelphia and subsequently, there were ample funds available to cover the amount of the check. However, the said check was not presented for payment, but was held by plaintiff for a period of more than 13 months, from July 23, 1959, to September 2, 1960. During this period of time, no contact was had with defendants or notice given them that the compromise was not acceptable to the City of Philadelphia.

It may be argued that the compromise settlement awaited confirmation by a duly constituted city authority, and that the wheels of government do not move too swiftly. Is the holding of a check by the city, given in pursuance of a settlement arrangement, for a period of more than 13 calendar months reasonable? We think not. We deem it gross negligence and the City of Philadelphia guilty of unreasonable and unpardonable laches.

From the testimony we can deduce that this check was given the City of Philadelphia by the Time Sales Finance Corporation as part of a reorganization and refinancing of defendants' business; that defendants thereby became obligated to pay and in fact did pay, for a time at least, certain monthly installments to the said finance company in reduction and amortization of

a loan granted defendants by the finance company in pursuance of the aforesaid refinancing plan; an inducing factor of the plan having been to relieve and clear defendants of their tax obligations to the City of Philadelphia.

The fact that the City of Philadelphia presented the check for payment after 13 months, is proof of the acceptance of the said compromise settlement with defendants; and, indeed, this said acceptance is not denied by the City of Philadelphia. There is no doubt that had the check been presented for payment within a reasonable time, say within several months or even more, it would have been honored, and defendants would have been relieved of the onus of this indebtedness. During all the time the City of Philadelphia held the check in its possession, defendants were not apprised of the fact, nor could they know, whether or not the compromise had been approved by the proper authorized officer or officers of the city, or that the check was presented for payment and cashed. The great lapse of time gave defendants the right to believe that the compromise was approved and the check paid upon presentation.

Equity is an appeal to the conscience of the court; the proceeding is an attempt to right a wrong. If by remedying a given situation, a greater evil or wrong will ensue, equity will not grant relief for what would constitute an inequitable act. If a party seeking relief has himself been guilty of laches, gross neglect or such conduct which brought about the loss or wrong, he cannot be heard to complain and to shift the blame of the loss suffered thereby on the other party.

Upon a careful consideration of the record in this case, we have reached the conclusion and believe that the city has been unduly and grossly neglectful in withholding presentation of the check for payment for so unreasonable a length of time; that the giving of the

check to, and its acceptance by the City of Philadelphia, constituted payment of the tax indebtedness up to that time. Had the check been presented for payment within a reasonable time and dishonored, our conclusion and finding might be different. We are not called upon to state what is a reasonable time; that depends on the circumstances in each case. We do find, however, that the holding of the check aforesaid under the circumstances in this case for more than 13 months is unreasonable and constitutes gross negligence.

Therefore, the chancellor makes the following

### Conclusions of Law

1. This court has jurisdiction over the subject matter and the parties.

2. Section 19-1501, et seq., of the Philadelphia Code of General Ordinances imposes a tax on all salaries by persons living or working in the City of Philadelphia. The employers of such persons are obligated to deduct, at the time such salary is paid, the tax imposed and to file a return for the amount deducted and to pay such taxes to the City of Philadelphia.

3. The corporate defendant was an employer as defined by the aforesaid ordinance.

4. The City of Philadelphia made an assessment against the corporate defendant for the several years, and for the year 1960 in the net sum of $74.66 for wage taxes, which were or should have been collected, and were not remitted to plaintiff and that assessment is now final and conclusive.

5. The failure of defendants, Evelyn and Joseph Anthony, to remit to plaintiff the wage taxes which were withheld or should have been withheld for the year 1960, in the net sum of $74.66, amounted to a conversion of this tax moneys by them.

6. Defendants, Evelyn and Joseph Anthony, are trustees ex maleficio for the said tax moneys for the year 1960, which have not been remitted to plaintiff.

7. Section 19-601, et seq., of the Philadelphia Code of General Ordinances imposes an amusement tax upon the admission fee for the privilege to attend any amusement. This tax is to be paid by the producer of the amusement or the person acquiring paid privilege.

8. The ordinance requires that the producer shall collect the tax imposed and is thereby liable to the City of Philadelphia as agent thereof for payment of the tax to the City of Philadelphia.

9. Plaintiff made an assessment against the corporate defendant for the several years, and for the year 1960, in the net sum of $151.79 for amusement taxes, which were or should have been collected and were not remitted to plaintiff, and this assessment is now final and conclusive.

10. The failure of defendants, Evelyn and Joseph Anthony, to remit to plaintiff the amusement taxes which were withheld or should have been withheld, amounted to a conversion of this tax moneys.

11. Defendants, Evelyn and Joseph Anthony, are trustees ex maleficio for the amusement tax moneys for the year 1960, which have not been remitted to plaintiff.

12. There is no liability on the part of any of defendants for any taxes, wage or amusement, for any year prior to and including 1959.

In accordance with the foregoing, the chancellor enters the following

### Decree Nisi

And now, July 2, 1964, it is ordered, adjudged and decreed that

1. The complaint as to the Amusement and/or Wage Taxes due the City of Philadelphia for the years 1953 through 1959, is dismissed.

2. Defendants are ordered to pay to plaintiff, the City of Philadelphia, Amusement Tax in the sum of $151.79, and Wage Tax in the sum of $74.66, an ag-

gregate total of $226.45, together with interest and penalties as provided by section 19-508 of the Philadelphia Code of General Ordinances, within 30 days hereof.

3. Defendants, Evelyn and Joseph Anthony, are trustees ex maleficio for the said tax moneys which they collected or should have collected for the year 1960, and which have not been remitted to plaintiff.

4. Defendants are enjoined from disposing, assigning and transferring any and all of their assets until the provisions of this decree are complied with.

5. Plaintiff shall bear its costs and defendants shall bear their costs of these procedings.

The prothonotary is directed to enter this decree nisi, and to give notice thereof to the parties or their counsel of record, and unless exceptions are filed within 20 days thereafter, this decree nisi shall become the final decree, as of course.