## Weber, Appellant, *v.* Bell Telephone Company of Pennsylvania.

Argued April 23, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Philip E. Brockway*, with him *Brockway & Brockway*, for appellant.

*William J. Joyce*, with him *Martin E. Cusick, Robert David Kreitler, Hubert Thurschwell*, and *Cusick, Madden, Joyce, Acker and McKay*, for appellees.

OPINION BY MR. JUSTICE O'BRIEN, September 29, 1964:

Appellant was an employee of the Bell Telephone Company of Pennsylvania for thirty-seven years, during which period he had attained the age of fifty-five. On April 15, 1960, his employment was terminated by the unilateral action of the company, for reasons, if any, which do not appear of record.

In 1962, appellant applied for pension payments under Bell's Employees' Pension Plan, administered by an employees' committee. The appellant's application was refused by the company and the committee.

Shortly thereafter, appellant filed a complaint in equity, seeking: a determination that he had acquired a vested right to pension benefits; a decree of specific performance; and an order directing appellee company to pay him a stipulated pension. Appellees, the company and the members of the committee, filed preliminary objections in the nature of a demurrer. After argument on the issue, the court below sustained the preliminary objections and dismissed the complaint; this appeal followed.

The sole question to which we must address ourselves is the sufficiency of the complaint in stating a cause of action, and all well pleaded facts in the complaint must, for this purpose, be accepted as true. *Kutsenkow v. Kutsenkow*, 414 Pa. 610, 202 A. 2d 68 (1964).

Appellant alleges that a vested right had accrued under the terms of the pension agreement prior to the termination of his employment. Section 4 of the plan, which was made a part of the complaint, provides, inter alia: "(1) (a) All male employees who have reached the age of sixty years and whose term of employment has been twenty or more years . . . *shall* if they so request, or *may* at the discretion of the Committee, be retired from active service and, upon such retirement shall be granted service pensions. (b) Any employee whose term of employment has been thirty years or more, or any male employee who has reached the age of fifty-five and whose term of employment has been twenty-five or more years, . . . *may,* if the case is approved by the Committee as appropriate for such treatment, be retired from active service and, upon such retirement, shall be granted a service pension." (Emphasis supplied).

Clearly, appellant was ineligible for retirement and pension rights under subsection (1) (a), not having reached the age of sixty years required by that section.

It is equally clear from a reading of the above agreement that in order for appellant's right in the plan to have vested at the 30 year mark, or at the 25 year mark and age of fifty-five, in accordance with subsection (1) (b), a certain condition would have had to occur; that is, the committee must have approved such an election. It follows, of course, that a request for benefits not having been made prior to the termination of appellant's employment, committee approval was never given. Thus it appears on the face of the complaint that a right did not vest prior to the termination of the appellant's employment.

Appellant also urges that the pension plan was part of an offer to enter into a unilateral contract, which offer he had accepted by his services. Thus, he argues, his employment for 37 years constituted an acceptance of and consideration for the unilateral offer. This contention clearly sounds in assumpsit, and as such, the merits cannot be considered in this action in equity. If appellant is correct, he has an adequate remedy at law which ousts the jurisdiction of equity.

Finally, appellant argues that the plan constituted deferred wages, and that a contract exists by virtue of promissory estoppel. This issue is likewise cognizable in assumpsit, provided appellant is correct.

We, therefore, reach the inevitable conclusion that the complaint, on its face, does not disclose a prima facie case or a case containing the requisites for equitable jurisdiction, and hold that the action of the court below, in sustaining the demurrer, was proper.

Decree affirmed. Each party to bear own costs.

Mr. Justice COHEN dissents.