**Hi-Grade Service Station, Inc. v. Ben & Frank, Inc.**

166

*Louis Shaffer* and *Charles A. Shaffer*, for plaintiff.
*E. Charles Coslett*, for defendant.

SCHIFFMAN, J., November 9, 1964.—We have before the court defendant's preliminary objections to plaintiff's amended complaint in the nature of a demurrer, motion to strike and motion for a more specific complaint.

This is an action to recover for the sale of certain automotive supplies and services to defendant by plaintiff on a book account. The procedure was instituted through the instrumentality of a writ of foreign attachment upon a tractor-trailer owned by defendant and temporarily within this jurisdiction. Defendant is a Florida corporation.

Defendant initially filed preliminary objections in the nature of a demurrer raising a question as to whether this action was barred by the Statute of Limitations; a motion to strike directed toward the fact that the action was initiated against a corporate defendant, whereas the exhibits attached to the complaint did not reflect such liability; and a motion for a more specific complaint because of inconsistency between the plaintiff's original books of account and the allegedly supporting invoices attached as exhibits to the complaint.

This court overruled defendant's initial preliminary objections except the motion for a more specific complaint. We directed plaintiff to file an amended complaint clarifying the apparent discrepancies between plaintiff's books of account and the allegedly supporting invoices. Plaintiff subsequently filed an amended complaint to which the present preliminary objections have been made.

The amended complaint denotes that under an arrangement plaintiff had with a local gas and oil distributor, certain of plaintiff's customers could charge purchases and services at any of the stations supplied by the distributor. This charge would then be forwarded to plaintiff for payment, thus giving rise to the liability between plaintiff and the purchaser.

Plaintiff alleges, pursuant to this arrangement, Ben and Frank Ciavarella or their agents and employes incurred such charges. They are alleged to have been made both prior and subsequent to the formation of defendant corporation. On the basis of "information and belief," plaintiff further alleges the said Ben and Frank Ciavarella formed the defendant corporation under the laws of the State of Florida on September 28, 1958, and that said corporation assumed the business and operation of the individuals Ben and Frank Ciavarella.

Plaintiff also alleges that Ben and Frank Ciavarella informed plaintiff's agent that the money they owed personally would be paid by the corporate defendant.

Defendant has assigned reasons identical to those previously resolved by this court in their present preliminary objections. The demurrer specifically states that the exhibits attached to the complaint do not reflect the liability of the corporate defendant. Normally, this argument would not merit our reconsideration. Preliminary objections to an amended complaint may not include matters which appeared in the orig-

inal. See Pa. R. C. P. 1028(b); Goodrich-Amram Standard Pa. Practice, Commentary on Rule 1028 (b).

Defendant contends, however, that we should consider the present preliminary objections since plaintiff's amended complaint alleges a new cause of action. It is maintained that the present claim does not now base defendant corporation's obligation upon a direct transaction, but rather upon a theory of assumption of liability. It is contended that the concept of assumption of liability by the corporate defendant of the debt of the individual incorporators, represents a new cause of action.

The tests to be applied when the question presented is whether an amended complaint presents a new and different cause of action are: (a) would a judgment bar any further action on either; (b) does the same measure of damages support both; (c) is the same measure of proof required; and (d) is the same defense open in each? Miners Savings Bank of Pittston v. Naylor, 342 Pa. 273, 280.

A judgment here would bar any further action on either complaint since the same parties are involved. The identical claim and invoices submitted in support thereof indicate that the same measure of damages support both the original and amended complaints. The same measure of proof is involved since both embrace the same bills and their reasonableness and plaintiff's burden of proof in both is constant in its requirement that plaintiff sustain its position by a preponderance of credible testimony. The same conceivable defenses are open in each, with the addition that the allegations of the amended complaint present an opportunity for an additional defense, i. e., that defendant never assumed the obligations of the individual incorporators.

We conclude that the above test does not clearly denote that a new and different cause of action appears in the amended complaint.

Assuming however, arguendo, that the amended complaint did present a new and different cause of action, Pa. R. C. P. 1033 states:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, *even though they give rise to a new cause of action or defense.* An amendment may be made to conform the pleading to the evidence offered or admitted." (Italics supplied.)

It is to be noted that the amendment here involved is not only by leave of court but at the direction of court. Defendant's original objection was that the exhibits did not reflect the liability of the corporate defendant. A consideration of Judge Bigelow's decision resolving the original preliminary objections filed in light of the nature of those preliminary objections, reveals that the amended complaint is filed in compliance with the court's direction.

Plaintiff has clearly alleged the circumstances giving rise to defendant's liability in the amended complaint. The facts are sufficient to make out a cause of action by plaintiff against defendant. For purposes of this demurrer, these facts are deemed to be admitted: Weber v. Bell Telephone Co. of Penna., 415 Pa. 292, 294. Therefore, even if a new cause of action is alleged, a demurrer thereto cannot be sustained.

We reach no different conclusion in resolving the demurrer because of plaintiff's allegation made upon "information and belief" that defendant corporation assumed the liability of Ben and Frank Ciavarella. Defendant contends this is not sufficient to support a writ of attachment. The cases cited in support of defendant's position were all decided prior to the promulgation of the present Rules of Civil Procedure.

The rule in regard to foreign attachment provides that pleading shall be in conformity with the rules relating to the appropriate action at law or equity: Pennsylvania Rules of Civil Procedure 1251 In this case, since this is an action on a contract, the rules in regard to assumpsit would apply and the rules governing pleading in an assumpsit action specifically provide that the facts upon which a cause of action are based may be verified upon "information and belief": Pa. R. C. P. 1024.

The Supreme Court of this Commonwealth held in Fairchild Engine and Airplane Corp. v. Bellanca Corp., 391 Pa. 177, that in order to maintain an action begun by writ of foreign attachment, only two fundamental facts must coexist: (1) defendant must be a nonresident or a foreign corporation; (2) defendant must have real or personal property within this Commonwealth *when the writ of foreign attachment was served* upon the garnishee. In the instant matter, both of these factors are present.

Defendant has also filed preliminary objections in the nature of a motion to strike and a petition raising a question of jurisdiction. They relate basically to the same proposition. We will therefore discuss these two together.

It is defendant's position that by amending the complaint, plaintiff has alleged a new cause of action. Defendant therefore maintains any jurisdiction originally gained by issuance of the writ of attachment herein has been lost. This contention is negated however by the provisions of Pa. R. C. P. 1269 (b) which sets out that where a defendant is served with a writ or complaint in foreign attachment and then files a bond or security, the action continues as if commenced by personal service of a summons or complaint.

In the instant matter, the writ of attachment against defendant's truck was served on May 4, 1964, and the

same date defendant corporation filed a surety bond in order to secure the release of the attachment.

Under these circumstances, the action presently before us is the same as if it had been initiated by service of a complaint according to Pa. R. C. P. 1269 (b), supra. Defendant therefore has submitted to the jurisdiction of this court. Even if the amended complaint does then state a new or different theory of liability, such an amendment is not prohibited under our now liberal rules with regard to pleadings: Pa. R. C. P. 1033.

In view of the foregoing, we find no merit to defendant's preliminary objections in the nature of a demurrer, a motion to strike and petition raising question of jurisdiction.

Defendant's motion for a more specific amended complaint is sustained insofar as paragraph six of the subject amended complaint is concerned. Defendant seeks information as to when, where and in what capacity Ben and Frank Ciavarella informed plaintiff's representatives that the corporate defendant would pay their personal obligations. Under the circumstances of this case, we must conclude that defendant is entitled to this specific information.

The criterion of a sufficient pleading is that it must inform the adverse party sufficiently to enable him to make a proper defense: Fedor v. Serafin, 47 Luz. 173, 174. The motion for a more specific amended complaint merits the further amendment of paragraph six to supply the facts requested as directed to that paragraph only.

Accordingly, we enter the following

### Order

Now, November 9, 1964, at 3 p.m., defendant's demurrer, motion to strike, and petition raising question of jurisdiction are overruled.

The motion for more specific complaint is sustained and plaintiff is directed to amend the complaint in conformity with this decision within 20 days of the date hereof.