## Young, Appellant, *v*. Hall.

Argued March 16, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

· *Dale Cleland,* with him *William C. Hurtt,* and *Cleland, Hurtt & Bowman,* for appellants.

*Bresci R. P. Leonard,* with him *Royston, Robb, Leonard, Edgecombe & Miller,* for appellees.

OPINION BY MR. JUSTICE COHEN, April 19, 1966:

This appeal is from a decree of the lower court entered pursuant to defendants' preliminary objections requesting dismissal or a more specific complaint. The lower court dismissed appellants' complaint in equity for laches. The complaint sought an accounting of profits realized by defendants from the sale of certain real estate and other relief. The lower court found laches because the delay in instituting the action was constructively prejudicial to the defendants by analogy to the expiration of the period of the statute of limitations at law. *Philadelphia v. Pioneer Custom Upholstery Co., Inc.,* 199 Pa. Superior Ct. 528, 185 A. 2d 641 (1962).

Appellees, attempting to sustain the action of the lower court, argue that the delay involved resulted in actual prejudice to them and thus seek to invoke the classical doctrine of laches.

Since this appeal is from the dismissal of a complaint all facts properly pleaded must be taken as true. *Weber v. Bell Telephone Company of Pennsylvania,* 415 Pa. 292, 203 A. 2d 554 (1964).

The complaint shows that appellants' decedent (Young) entered into an agreement with defendant Hall on February 2, 1957, for the conveyance of real estate to Hall. The agreement required Hall, in partial consideration for the conveyance, to pay to Young one-half of the net profits received by Hall from the sale of certain of the property conveyed.

On March 19, 1957, a supplemental agreement entered into by Young and Hall acknowledged that Young had, prior to March 19, conveyed the designated property to one Feinberg as agent for Hall, and contained a promise by Young to join in any conveyance

from Feinberg to Hall or his nominees. The supplemental agreement also confirmed the February 2 agreement.

By deed that same day (March 19, 1957) Young, Feinberg and Feinberg's wife conveyed to Hall and Behrend the property described in the February 2 agreement.

On March 11, 1962, Young died. No accounting has ever been made by defendants, nor was any accounting requested by Young during her lifetime or by her executors until the latter made the demand giving rise to this litigation.

This action was instituted on June 23, 1965, more than eight years after the agreement was entered into. The complaint set forth the agreement, stated that the property had been sold and alleged that substantial profits were realized by defendants from the sales. However, no averments of the dates of the sales or of any recorded deeds out from defendants were included in the complaint.

Laches requires not only a passage of time, but also a resultant prejudice to the party asserting the doctrine, *Miller v. Hawkins,* 416 Pa. 180, 205 A. 2d 429 (1964). As pleaded, the agreement is sufficiently clear that we do not believe the death of Young and the resultant evidentiary disability which may thus be imposed upon the defendants involve such prejudice as would permit us at this point to sustain the defense of laches.

The complaint in the instant case, as we have stated, makes no averment of dates of sales or of when the duty to account matured. It was, therefore, insufficient to permit the defendants to prepare a proper pleading. Thus, the lower court should have granted defendants' motion for a more specific complaint.

Decree vacated and case remanded with instructions to enter an order requiring a more specific complaint. Costs to abide the event.