Domiano v. Penn Security Bank

C.P. of Monroe County, No. 2160 CIVIL 2012.

*Stephen G. Bessett*, for plaintiffs.
*Myles R. Wren*, for defendant.

WILLIAMSON, *J.*, January 29, 2013—Plaintiffs commenced this action by filing a complaint on April 23, 2012. Defendant filed preliminary objections to plaintiffs' complaint on May 21, 2012, and a brief in support thereof on November 5, 2012. Plaintiffs filed a brief in opposition to defendant's preliminary objections on December 31, 2012. Defendant filed a reply brief on January 4, 2013. Oral argument was heard before the court on January 7, 2012. We are now ready to dispose of the preliminary objections.

Plaintiffs entered into a settlement agreement with defendant on May 21, 2010[2] to re-acquire properties which were the subject of Federal Bankruptcy proceedings. The settlement agreement, among other things, states that:

**Within (60) days** from the date of any required Bankruptcy Court approval of this agreement, the debtors shall

---

2. It should be noted that plaintiffs' complaint, in paragraph 4, lists the date of the settlement agreement as May 21, 2011, however, the docketing information on the bottom of the document itself, lists the date as 5/21/10. Therefore, we will treat the May 21, 2011 date listed in the complaint as a typo.

provide the Bank with a ("written commitment") from a recognized lending institution **agreeing** to provide the debtors with the financing necessary to pay the bank the hereinafter defined Scranton property settlement amount. Provided the debtors timely provide the bank with the written commitment and should debtors pay the bank one hundred, forty five thousand (145,000.00) dollars, ("Scranton property settlement amount") within (120) days from the date of this agreement, the bank agrees to a.) release the Scranton property from the first Pocono mortgage and the second Pocono mortgage; b.) discontinue the Lackawanna County foreclosure action and c.) return the consent to entry of judgment in the Lackawanna County mortgage foreclosure action and the deed to the debtors.

The settlement agreement goes on to state that:

If the debtors (a) fail to provide the bank with the written commitment within the time they are required to do so; or (b) fail to timely pay the bank the Scranton property settlement amount within the time they are required to do so, the debtors shall immediately be in default hereunder.

(Settlement agreement. Compl. exhibit A. pgs. 4-5.) (emphasis added)

The plaintiffs herein were the "debtors" referenced in the settlement agreement. In their complaint, plaintiffs allege that agents for the defendant made representations that the property would be conveyed to the plaintiffs upon receipt of the written commitment of financing. Plaintiffs allege that

they complied will all material aspects of the aettlement agreement and delivered a mortgage commitment letter to the defendant, (See Compl. Exhibit C.) and now the defendant has arbitrarily refused to comply with the terms of the settlement agreement. As plead, plaintiffs' complaint does not support a cause of action.

The defendant's preliminary objections are pled generally as Pennsylvania Rule of Civil Procedure 1028 objections. Defendant's first preliminary objection is that plaintiffs' allegation of contract or quasi contract with unsigned supporting documents in count I and count II do not and could not support a cause of action. Defendant's second preliminary objection is that the complaint must be dismissed, since any document relied upon by the parties in support of their contract litigation must be attached and fully supported by executed documents.

## DISCUSSION

In ruling on preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinions." *Penn Title Ins. Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Cmwlth. 1995).

### I. Demurrer for Insufficiency of Pleading Pursuant to Pa.R.C.P. 1028(a)(4)

Defendant's preliminary objections are couched in the

language of a demurrer for insufficiency of pleading. A demurrer may be sustained only if it is clear on the face of the pleading that the law will not provide or permit the recovery sought. *Morgan v. McPhail*, 672 A.2d 1359 (Pa. Super. 1996). If there is any doubt, it should be resolved by overruling the demurrer. *Mellon Bank N.A. v. Fabinyi*, 650 A.2d 895 (Pa. Super. 1994). Sometimes, the standard of review for a demurrer is whether or not the facts alleged establish a prima facie case. *Weber v. Bell Telephone Company*, 203 A.2d 554, 556 (Pa. 1964).

Simply put, defendant asserts that the complaint does not set forth a cause of action because the plaintiffs attach unsigned supporting documents. In particular, the defendant points to the unsigned letter from Penn Business Credit, LLC to plaintiffs. (Compl. exhibit C). In support of this argument, defendant cites *Target National Bank v. Kilbride*, 10 Pa. D&C. 5th 489 (Centre County 2010). In *Target National Bank*, the Centre County Court of Common Pleas granted defendant's preliminary objection pursuant to Pa. R.C.P. 1019 (b) and 1019 (i) because the plaintiffs did not attach the signed writing to its pleading, nor did the plaintiffs set forth a reason for failing to attach the writing. Pa. R.C.P. 1019(i) states:

(i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. 1019(i)

In this case, plaintiffs' claim is based upon the defendant's alleged breach of the settlement agreement. The settlement agreement is signed and attached to the complaint. There is no 1019(i) violation in regards to the settlement agreement. Defendant argues that *Target National Bank* and similar cases should be interpreted that any writing attached to the complaint, that advances the cause of action therein must be signed. We agree. Plaintiffs' complaint is based upon two writings; the settlement agreement and the Penn Business Credit, LLC commitment letter. Here, plaintiffs attached the Penn Business Credit, LLC letter unsigned, and did not state the reason that it was unsigned. In their brief, plaintiffs argues that defendant is in possession of the signed letter. If that were true, it is unclear how the plaintiffs do not have a copy of the signed letter to attach. Therefore, defendant's second preliminary objection is granted for the above stated reasons. This however, is not the end of our discussion, because it is clear on the face of the complaint that the law will not provide the plaintiffs for the recovery sought.

The settlement agreement, attached to the plaintiffs' complaint as Exhibit A, is signed by both parties. The settlement agreement lists the terms of the agreement between both parties in clear terms. Plaintiffs had 60 days from May 21, 2010 to provide the defendant with a written commitment letter. The commitment letter from Penn Business Credit, LLC, attached to the complaint as Exhibit C, has a date of August 18, 2010, or 89 days from May 21, 2010. Without looking at the contents of

the letter from Penn Business Credit, LLC, it is clear that plaintiffs defaulted on their settlement agreement with defendants, and therefore cannot sue for non-performance of an agreement in which they are expressly in default.

Furthermore, the contents of the letter support the defendant's demurrer. The settlement agreement requires a written commitment from a recognized lending institution agreeing to provide the debtors with the financing necessary to pay the bank the hereinafter defined Scranton property settlement amount. The first and last paragraphs of the Penn Business Credit, LLC letter clearly demonstrate that Penn Business Credit, LLC was merely negotiating with the plaintiffs over the process of providing them with financing. The Penn Business Credit, LLC letter does not comply with the terms of the settlement agreement. The first paragraph states the following:

> ... I am writing to outline the terms and conditions of a proposed credit facility, which we *may* be willing to make available to your company, subject to further investigation on our part. The actual facility can only be provided upon execution of all required loan documents and the payment of specified fees in connection with your transaction.

(Compl. exhibit C) (emphasis added)

The last paragraph states the following:

> We appreciate the opportunity to provide you with this financing. If you would like to proceed with us, please countersign this term sheet where indicated below and

return it by overnight mail together with your check in the amount of $10,000.00

(Compl. exhibit C)

Even if the letter was signed, plaintiffs' complaint would still not survive demurrer. The letter expressly states that in order to proceed towards the final agreement, the letter has to be signed and returned with a check. There is no copy of a check for $10,000 attached to the complaint, nor do plaintiffs allege that they ever tendered that amount to Penn Business Credit, LLC. It also does not appear in the document, nor is it alleged in the complaint, that the plaintiffs signed and returned the letter to Penn Business Credit, LLC.

The settlement agreement is a contract that calls for the performance of the defendant once the plaintiffs meet certain conditions. Plaintiffs did not meet those conditions, as is evident in their complaint. Plaintiffs' complaint must be dismissed because it does not establish a prima facie case of breach of contract or quasi contract. Therefore, we issue the following order.

### ORDER

And now, January 29, 2013, after consideration of the preliminary objections of defendant, and following oral argument, it is ordered as follows:

1. Defendant's preliminary objections in the nature of a demurrer is granted.

2. Plaintiffs' complaint is hereby dismissed with prejudice.