Beaver et al., Appellants, *v.* Penntech Paper Co.

Argued April 24, 1973. Before JONES, C. J., EAGEN,
O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*M. Bruce McCullough,* with him *R. A. King, Rex Rowland,* and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for appellants.

*Norbert J. Pontzer,* with him *Pontzer & Pontzer,* for appellee, Penntech Paper Co.

*Anthony B. Trambley,* for appellee, Borough of Johnsonburg, et al.

OPINION BY MR. JUSTICE O'BRIEN, July 2, 1973:

Appellants in the instant case are children of Antoinette Beaver, who, prior to 1969, was the sole owner of two dwellings located in Johnsonburg, Pennsylvania. In 1966, the mother of appellants filed an appeal to the Court of Common Pleas of Elk County from the issuance of a building permit granted to Penntech Paper Co. (Penntech), formerly the New York & Pennsylvania Company. This appeal was sustained and the permit issued to Penntech was revoked. However, after some modifications, a second permit was issued to Penntech. After Penntech started operations pursuant to this permit, in 1967, appellants' mother filed an action in equity seeking an injunction and damages against Penntech for an alleged nuisance. The action proceed-

ed until March 4, 1969, when Penntech's attorney made a motion for a compulsory nonsuit by reason of the failure of counsel to appear on behalf of Antoinette Beaver. The motion was denied and the case was continued until further notice. In April of 1971, appellants' mother died and the case remains continued. In 1972, the children of Antoinette Beaver, as her heirs at law, filed an action in equity in the Court of Common Pleas, Civil Division, of Elk County, against Penntech, the former members of the zoning board and the Borough of Johnsonburg. The complaint alleged that Penntech was operating a nuisance in violation of the Johnsonburg Zoning Ordinance and that the borough and the former members of the zoning board were negligent in permitting Penntech's illegal operations. The complaint sought to enjoin Penntech's operations and sought compensation for the damage done to appellants' property.

All appellees filed separate preliminary objections, alleging, *inter alia,* laches, and all preliminary objections were sustained.

In *Young v. Hall,* 421 Pa. 214, 216, 218 A. 2d 781 (1966), we stated: "Laches requires not only a passage of time, but also a resultant prejudice to the party asserting the doctrine. . . ."

Penntech offered no proof of prejudice. When laches is raised by preliminary objections, a complaint should be dismissed only when the issue is clear and free from doubt. See *Rush v. Butler Fair & Agr. Assn.,* 391 Pa. 181, 137 A. 2d 245 (1958). Consequently, we believe it was error to grant Penntech's preliminary objections on the grounds of laches.

Penntech also alleged, in its preliminary objections, that the suit filed by appellants was barred due to the fact that a prior action was pending covering the same issues raised by appellants in the present action. While it is true that the second suit filed in 1967 by appel-

lants' mother sought the same relief as is requested by appellants in the instant case, this was not reason enough to dismiss appellants' complaint. Appellants', in their reply to the preliminary objections of Penntech, offered to terminate the prior action filed by their mother, if Penntech would allow their suit to continue. This offer was rejected. Even if the prior action was discontinued, it would make no difference. Rule 229(c) of Pennsylvania Rules of Civil Procedure reads as follows: "The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." While this rule may not be of a mandatory nature, in our decision in *Hampsey v. Duerr*, 401 Pa. 578, 166 A. 2d 38 (1960), we stated: "Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered." In addition, Rule 126 of Pennsylvania Rules of Civil Procedure provides in part: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. . . ."

Applying these principles, we believe that no preliminary objection of Penntech should have been sustained.

The preliminary objections filed by the individual members of the zoning board and the Borough of Johnsonburg are a different matter. Unlike the case with Penntech, neither the zoning board nor the borough has had a suit pending against it for over five years. Thus, unlike Penntech, neither the borough nor the zoning board has had notice of the complaints of appellants so that steps could have been taken to mitigate damages. The burden on the members of the board being sued for actions taken in 1966 is especially great.

546

In addition, by bringing suit against the borough and the zoning board, appellants seem to be attempting to circumvent the zoning law in effect at the time that the permit challenged herein was issued. That law, the predecessor to the Act of June 1, 1972, P. L. 333, §1007, 53 P.S. §11007, required persons aggrieved by use or development permitted on the land of another, to appeal the decision of a zoning board within a specified period after notice of that decision. Neither appellants nor their mother filed an appeal within the period specified by statute.

Decree of the Court of Common Pleas, Civil Division, of Elk County is affirmed as to the individual zoning board members and the Borough of Johnsonburg. The decree as to Penntech is reversed and the case is remanded for further proceedings. Each party to bear own costs.