590 A.2d 1338

RETIREMENT BOARD OF ALLEGHENY COUNTY, Pete Flaherty, President, Frank J. Lucchino, Secretary, Mary Alice McDonough, Treasurer, Tom Foerster, Member, Lawrence W. Dunn, Member, Joseph P. Moses, Employee Representative, Mary Scattaregia, Employee Representative, and Gerard R. Bergman, Executive Director, in their official capacities, Appellants,

v.

ALLEGHENY COUNTY RETIREES ASSOCIATION and James F. McGrath, Appellees.

Commonwealth Court of Pennsylvania.

Argued Feb. 13, 1991.

Decided May 2, 1991.

Petition for Allowance of Appeal Denied Aug. 23, 1991.

George Shorall, Shorall and Shorall, Pittsburgh, for appellants.

Michael Louik, Berger, Kapetan, Malakoff & Meyers, P.C., Pittsburgh, for appellees.

Before CRAIG, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, KELLEY and BYER, JJ.

CRAIG, President Judge.

The Retirement Board of Allegheny County appeals a decision of Judge Richard G. Zeleznik of the Court of Common Pleas of Allegheny County that denied the board's motion for summary judgment, and granted a motion for summary judgment in favor of the Allegheny County Retirees Association (ACRA or association) and the association's chief executive officer, James F. McGrath. We affirm.

In August 1989, the association requested the Attorney General and the Allegheny County District Attorney to initiate a quo warranto proceeding to remove two individuals who had been elected to positions on the retirement

board. Both the attorney general and the district attorney refused the association's requests.

ACRA and McGrath then brought an equity action in the court of common pleas against the retirement board, challenging the board's election process and seeking to remove the two elected officers from their positions on the board. In accordance with the Second Class County Code (Code), Act of July 28, 1953, P.L. 723, art. XVII, § 1703, *as amended*, 16 P.S. § 4703, the board is composed of the county commissioners, the treasurer, the controller, and two persons elected for four-year terms by ballot from among the members of the retirement system.

ACRA alleged that the election of the two present elected members was invalid because the board did not open the election to retirees for the purpose of running or voting for those positions on the board.

ACRA sought preliminary and permanent injunctive relief that would restrain the two new officers from serving on the board and that would require the board and its officers to hold a new election which would allow Allegheny County Retirement System retirees to vote and run for office on the board.

The trial court dismissed the board's motion for summary judgment and granted judgment in favor of ACRA, concluding that one of the challenged board officers was entitled to serve out her term, but that the retirement board was required to hold an election for the other elected position, in which both active and retired members of the retirement system would be allowed to run for election and vote.

On appeal from the trial court's judgment, the retirement board raises the following issues: (1) whether ACRA's complaint sounds in quo warranto rather than in equity, and which therefore, the Attorney General or the county's district attorney must initiate; (2) whether the common pleas court lacked jurisdiction because ACRA failed to join indispensable parties; (3) whether laches should bar ACRA from pursuing this action; and (4) whether the trial court erred in

concluding that ACRA's members have the right to vote for board members and to run for election for positions on the board.

As Judge Zeleznik noted, the relevant statutory provisions of the Second Class County Code, relating to Allegheny County's retirement system, read as follows:

§ 4703. Retirement board

The retirement system shall be under the direction of a board, which shall consist of ... two persons elected by ballot from among the members of the retirement system.... Ballots shall be mailed to each member of the retirement system at least twenty (20) days prior to the date of the election.

Section 1703 of the Code, 16 P.S. § 4703.

§ 4708. Compulsory membership; payments into fund; exceptions; vested interest

(a) Each county employee shall be required to become a member of the county employes' retirement system within six months from the date of his or her employment.

Section 1708 of the Code, *as amended* by the Act of May 31, 1955, P.L. 111, § 1, 16 P.S. § 4708.

§ 4714. Separation from service; refund of contribution

(a) ... Any person who has heretofore or who shall hereafter cease to be a county employee, shall thereafter cease to be a member of the retirement system, except such former county employee who may be eligible to receive the benefits of a retirement allowance plus a service increment if any in accordance with the provisions of sections 1710 and 1713.

Section 1714 of the Code, *as amended* by the Act of May 31, 1955, P.L. 111, § 1, 16 P.S. § 4714.

### 1. Is equity an appropriate remedy?

The board first argues that ACRA's equity action is actually a quo warranto action; hence, the board asserts that either the county's district attorney or the state's Attorney General is the appropriate party to initiate the

action. *Spykerman v. Levy,* 491 Pa. 470, 421 A.2d 641 (1980). The board notes that a private person has standing to bring a quo warranto action only when he can demonstrate that he has a special interest not shared by the general public, and argues that in this case, the association has failed to establish such an interest. *Spykerman.*

However, as Judge Zeleznik noted, the state Supreme Court has held that a party may initiate an equity action to enjoin or challenge a person who allegedly holds an elected position unlawfully when the Attorney General and the district attorney refuse to initiate a quo warranto proceeding. *League of Women Voters v. Lower Merion Township Board of Commissioners,* 451 Pa. 26, 301 A.2d 797 (1973). Also, we agree with Judge Zeleznik's reasoning that the association's members have an interest in this matter that is special and not shared by the general public. The general public is not affected by the board's practice of denying the retirees the right to run for election and vote for positions on the board. The retirees clearly are affected.

### 2. Did ACRA fail to join indispensable parties?

The board argues that the trial court and this court lack jurisdiction in this case because ACRA failed to join indispensable parties—the active employee members of the retirement system. The board contends that the active employees are indispensable because the strength of the active employees' votes will be diluted by adding retired employees to the class of voting members.

The Pennsylvania Supreme Court has indicated that the determination of whether a party is indispensable involves consideration of the following questions:

1. Do absent parties have a right or interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

*Mechanicsburg Area School District v. Kline,* 494 Pa. 476, 481, 431 A.2d 953, 956 (1981).

The board contends that the active employees have an interest that is essential to the merits of the case, and which therefore makes them indispensable parties.

As the trial court noted, interpreting the statute as giving the retirees the right to vote does not adversely affect the active employees' *right* to vote. This court agrees with Judge Zeleznik's cogent analysis of the issue in his opinion, where he states that

> [c]urrent Allegheny employees have the right to vote for two members of the board. However, such right is not "essential to the merits of the issue" since this right will not be impaired by this litigation. The issue here is whether or not retirees are members of the retirement system. If so, they are entitled to run and vote in Board elections. A determination that retirees are so entitled does not affect the current employees' right to vote but merely increases the pool of eligible voters, the same as occurs upon any increase in the workforce.

### 3. Does laches preclude the retirees from maintaining this action?

The board argues that the retirees are guilty of laches because they knew at the time of the election that they would not be allowed to run for office or vote in the election, but failed to initiate an action at that time.

As the trial court noted, the doctrine of laches will require the dismissal of a complaint only when the party that raises laches demonstrates prejudice because of the opposing party's failure to pursue a claim at an earlier time. *Kay v. Kay,* 460 Pa. 680, 334 A.2d 585 (1975).

The board alleges that prejudice to the board, the two elected officials, and the other members of the system will result from the retirees' delay in bringing this action because they have an expectation that the two elected officials will remain in office to serve their terms, and because the

retirees' could have initiated their action before the election occurred.

However, we agree with the trial court's conclusion that the board's expectation in the continuation of the elected members' positions on the board is insufficient to demonstrate that it has been prejudiced by the retirees' delay in initiating this action.

### 4. What rights do retirees have under the retirement system?

The board argues that the trial court erred in concluding that the retirees have the right to vote and to run for positions on the board. Under the statute, only "members" of the system have the right to vote for the elected board officials and to run for those positions. Section 1703 of the Code, 16 P.S. § 4703. The board contends that the trial court misinterpreted the relevant statutory provisions by concluding that the statute's reference to "members" of the retirement system encompasses retirees.

The board argues that retirees are not members of the system, but rather *former* members of the system. The board seeks to distinguish retirees from members by characterizing the retirees as being no longer "active" in a group. However, although the retirees' rights may have vested, and although they no longer contribute, they have an active interest in the system because they remain beneficiaries of board's planning and fiduciary activities.

Support for the trial court's conclusion is found in section 1714, quoted above, which states that "[a]ny person who has heretofore or who shall hereafter cease to be a county employe, shall hereafter cease to be a member of the retirement system, except such former county employe who may be eligible to receive the benefits of a retirement allowance plus a service increment if any in accordance with the provisions of sections 1710 and 1713."

As the trial court noted, that language indicates that former employee members of the retirement system, who

receive benefits upon retirement from service, remain members of the retirement system.

The trial judge also relied upon an earlier version of section 1716 of the Code, 16 P.S. § 4716, relating to retirees which states:

> If any member of the Retirement System is receiving a retirement allowance ... and he or she shall be employed ... by the Government of the United States, [or] the Commonwealth of Pennsylvania ... then the Board shall suspend the retirement allowance ... to such member of the retirement system during such employment.

That repealed section indicates that the legislature regarded retirees as continuing members of the retirement system. As the court noted, when there is an ambiguity in a statute, the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921, instructs that a court may consider the former law, including provisions on the same subject, in order to determine the legislative intent of a statute.

We also agree with the trial court's conclusion that the legislature's consideration in 1985 of a bill that would amend the Code by adding a provision which would add another member to the board to be elected from among the county retirement system retirees, does not support the board's proposed interpretation that retirees do not remain "members" of the system. As Judge Zeleznik indicated, the legislation the General Assembly considered in 1985 would have *mandated* the election of a retiree to the board. Hence, the effect of that legislation would have been entirely different from the legislation in effect now, because the present statute, as interpreted by the trial court, allows the election of retirees, but does not mandate the election of a retired member.

The decision of Judge Richard Zeleznik is affirmed.

## ORDER

NOW, May 2, 1991, the order of the Court of Common Pleas of Allegheny County, dated July 18, 1990, at GD 90-03139, is affirmed.