**COMMONWEALTH of Pennsylvania ex rel. Thomas W. CORBETT, Jr., Attorney General, Plaintiff**

v.

**Donald J. DESIDERIO, Councilman, Clairton Municipal Authority, Defendant**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 5, 1997.

Decided July 11, 1997.

Thomas F. Halloran, Pittsburgh, for plaintiff.

John F. Cambest, Pittsburgh, for defendant.

Before McGINLEY and KELLEY, JJ., and RODGERS, Senior Judge.

KELLEY, Judge.

Presently before this court for disposition are the preliminary objections of Donald Desiderio to a complaint in quo warranto filed in our original jurisdiction by the Attorney General for the Commonwealth of Pennsylvania.[1] Desiderio is currently a council member of the Clairton Borough Council, Allegheny County, Pennsylvania.

On January 8, 1997, the Attorney General filed with this court a complaint in quo warranto against Desiderio. On April 14, 1997, the Attorney General filed an amended complaint in quo warranto.[2] The facts, as alleged in the complaint, are as follows.

Desiderio is a resident of Allegheny County, Pennsylvania. He was elected and continues to serve as a member of the Clairton Borough Council.

On or about October 7, 1985, Desiderio was charged by information with four criminal counts: bribery in official or political matters; conflict of interest; obstructing administration of law or other general function; and criminal conspiracy. These charges were based on Desiderio's acceptance of money and the promise of future payments, while a member of the Clairton Municipal

Authority, in exchange for influence in consideration of and voting on a waste disposal request made by William Fiore, d/b/a Municipal Industrial Disposal Company on or about April 22, 1983 through and including May 4, 1983.

Desiderio was convicted in the Court of Common Pleas of Allegheny County (trial court) on March 10, 1986, pursuant to a plea of guilty, on count two of the information, conflict of interest. *See* section 3 of the State Ethics Act, Act of October 4, 1978, P.L. 883, *as amended,* 65 P.S. § 403.[3] Desiderio was sentenced by the trial court on October 17, 1986, to probation of five years in addition to costs and a fine.

Based on these facts, the Attorney General alleges in the complaint that Desiderio is incapable by virtue of Article II, Section 7 of the Pennsylvania Constitution of holding the office of council member of the Clairton Borough Council and his claim to said office is forfeit. Art. II, § 7 of the Pennsylvania Constitution provides that "[n]o person hereafter convicted of embezzlement of public moneys, bribery, perjury or other infamous crime, shall be eligible to the General Assembly, or capable of holding any office of trust or profit in this Commonwealth."

The Attorney General alleges that Desiderio's conviction is for bribery or other infamous crime within the meaning of art. II, § 7 and that the office of council member of the Clairton Borough Council is an office of trust or profit within the meaning of art. II, § 7. Therefore, the Attorney General is seeking a judgment of ouster against Desiderio and a declaration of a forfeiture of and vacancy in the office of Council Member of the Clairton Borough Council.

---

1. This matter was argued before this court on June 5, 1997 seriately with *Commonwealth of Pennsylvania ex rel. Thomas W. Corbett, Jr., Attorney General v. James Large, Supervisor, Forward Township,* No. 18 M.D.1997.

2. Hereinafter the original complaint and the amended complaint will simply be referred to as "complaint." The amended complaint incorporated by reference the original complaint in quo warranto and specifically amended paragraph three of the complaint to allege that Desiderio was elected and has been and continues to serve as a member of the Clairton Borough Council.

Paragraph three of the original complaint alleged that Desiderio was duly elected and has been an acting council member for the Clairton Municipal Authority.

3. Section 3(c) of the State Ethics Act provides that:

(c) No public official ... shall solicit or accept, anything of monetary value, ... based on any understanding of that public official, ... that the vote, official action, or judgment of the public official ... would be influenced thereby. 65 P.S. § 403(c).

Desiderio has filed preliminary objections to the complaint. The preliminary objections are not endorsed with a notice to plead but do contain a verification.

Desiderio's preliminary objections set forth two main objections to the complaint: (1) lack of specificity; and (2) lack of capacity to bring suit. Desiderio bases his preliminary objection regarding lack of capacity to bring suit on waiver, res judicata/collateral estoppel, and laches. The Attorney General did not file a response to the preliminary objections.

■ In ruling on preliminary objections, this court must accept as true all well-pleaded material allegations in the complaint, as well as all inferences reasonably deduced therefrom. *Pennsylvania Dental Hygienists' Association v. State Board of Dentistry*, 672 A.2d 414 (Pa.Cmwlth.1996). Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear and free from doubt. *Bower v. Bower*, 531 Pa. 54, 611 A.2d 181 (1992). The test is whether it is clear from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish his or her right to relief. *Firing v. Kephart*, 466 Pa. 560, 353 A.2d 833 (1976).

Initially, we note that the Attorney General, in his brief in opposition to the preliminary objections, argues that this court should not entertain the preliminary objections asserting waiver, res judicata, and laches as these are new matter and not properly raised

as preliminary objections.[4] The Attorney General argues further that since the preliminary objections were not endorsed with a "notice to plead", there is no requirement that the Attorney General file preliminary objections challenging the propriety of Desiderio's preliminary objections. Based on the Pennsylvania Rules of Civil Procedure, we disagree.

■ We recognize that no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead. Pa.R.C.P. No. 1026(a). Moreover, because a preliminary objection raising the issue of lack of capacity to sue cannot be ascertained from the facts of record, the preliminary objection must be endorsed with a notice to plead or no response will be required under Pa.R.C.P. No. 1029(d).[5] *See* Pa.R.C.P. No. 1028 (Preliminary Objections). Therefore, the Attorney General was not required to file a response denying the averments contained in Desiderio's preliminary objections.

■ However, by arguing that Desiderio is improperly raising affirmative defenses by preliminary objection rather than properly including the defenses in new matter, the Attorney General is asserting a procedural defect with respect to Desiderio's preliminary objections. Based on Pa.R.C.P. No. 1032(a), a party is required to file objections to the procedural propriety of another party's preliminary objections or else the objections are waived.[6] Merely asserting the objection in a brief in insufficient.

4. Pa.R.C.P. No. 1030, which governs new matter, provides:

(a) Except as provided by subdivision (b), all affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading "New Matter". A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.

(b) The affirmative defenses of assumption of the risk, comparative negligence and contributory negligence need not be pleaded.

5. Rule 1029(d) provides that "[a]verments in a pleading to which no responsive pleading is required shall be deemed to be denied."

6. Rule 1032(a) provides that:

(a) A party waives all defenses and objections which are not presented either by preliminary objections, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim and any other nonwaivable defense or objection.

*See Farinacci v. Beaver County Industrial Development Authority*, 510 Pa. 589, 511 A.2d 757 (1986) (the proper method for challenging the propriety of the preliminary objections is by preliminary objections to the challenged preliminary objections; briefing the issue is not the proper procedure).

■ Accordingly, the lack of the endorsement "notice to plead" on Desiderio's preliminary objections did not relieve the Attorney General of the requirement to file objections challenging the procedural propriety of Desiderio's preliminary objections. Thus, because the Attorney General did not file preliminary objections objecting to the method which Desiderio chose to assert waiver, res judicata/collateral estoppel and laches, the Attorney General has waived the procedural defect. *See Bradford County Citizens in Action v. Board of Commissioners of Bradford County*, 64 Pa.Cmwlth. 349, 439 A.2d 1346 (1982) (since appellees did not file an objection to the preliminary objection, the defect is deemed to be waived). Therefore, we will consider the merits of Desiderio's preliminary objections.

First, Desiderio contends that he cannot defend on the basis of lack of specificity. Desiderio submits that the complaint erroneously alleges that Desiderio was elected and now acts as council member of the "Clairton Municipal Authority." As noted, the Attorney General has filed an amended complaint correcting this error.

Next, Desiderio points out that paragraph 4 of the complaint alleges that he was charged with the criminal charge of bribery; however, paragraph five alleges that he was not guilty of the criminal charge of bribery as said charge was dismissed by the court. Thereafter, Desiderio submits, paragraph 8 of the complaint alleges that Desiderio was convicted of bribery or other infamous crime. Desiderio contends that he is unable to properly assert a defense because the Attorney

General makes an unexplained and unsupported conclusion in paragraph 8 of the complaint that Desiderio was in violation of art. II, § 7 of the Pennsylvania Constitution. In addition, Desiderio argues that the Attorney General has failed to set forth sufficient material facts to support a cause of action in quo warranto.[7]

■ While it is apparent from the complaint and the exhibits attached thereto that Desiderio was not convicted of bribery,[8] Desiderio was convicted of conflict of interest, a violation of the State Ethics Act. *See* Exhibits A and B to the complaint in quo warranto. The question now becomes whether the complaint sufficiently alleges that Desiderio was convicted of an "infamous crime" within the meaning of art. II, § 7 of the Pennsylvania Constitution in order to state a cause of action in quo warranto.

Desiderio argues that violations of the State Ethics Act fall short of the type of crime which is violative of art. II, § 7 of the Pennsylvania Constitution. We disagree based on our Supreme Court's decision in *Petition of Hughes*, 516 Pa. 90, 532 A.2d 298 (1987).

In *Petition of Hughes*, our Supreme Court addressed the issue of other infamous crimes under art. II, § 7. Therein, the Supreme Court pointed out that "infamous" is not self defining and the court determined, based on the language of art. II, § 7, that bribery, embezzlement of public moneys, and perjury are infamous crimes. *Petition of Hughes*, 516 Pa. at 96, 532 A.2d at 301. Therefore, the Supreme Court held that while the candidate seeking public office was not convicted of bribery, he did accept a pecuniary benefit as consideration for his vote and exercise of discretion as a public servant. *Id.* Therefore, the facts underlying the candidate's conviction for conspiracy to violate the Hobbs Act[9] compelled the conclusion that his crime

---

7. The general rule is well settled that a quo warranto action constitutes the proper method to challenge title or right to public office. *Andrezjwski v. Borough of Millvale*, 543 Pa. 539, 673 A.2d 879 (1996).

8. The bribery count was dismissed. *See* Exhibit B to the complaint in quo warranto.

9. 18 U.S.C. § 1951(a). The Hobbs Act provides, in pertinent part:

Whoever in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do ... shall be fined under this title or

was "infamous" within the meaning of art. II, § 7. *Id.*

In response to the candidate's argument that his crime was not "infamous", our Supreme Court pointed out that the court held long ago that:

> [A]n infamous crime is one which rendered the convicted person incapable of being a witness or juror. "The offenses which disqualify a person to give evidence, when convicted of the same, are treason, felony, and every species of crimen falsi ... which involve the charge of falsehood, and affect the public administration of justice." *Commonwealth v. Shaver*, 3 W. & S. 338, 342 (1842).

*Id.* at 97, 532 A.2d at 302, quoting *In re Greenberg*, 442 Pa. 411, 417, 280 A.2d 370, 372–73 (1971).

The Supreme Court stated that it had no difficulty in concluding that the federal crime of conspiring to take money in exchange for official favors is within the ambit of *Shaver*. *Id.* at 98, 532 A.2d at 302.

Herein, the Attorney General alleges that Desiderio was convicted, pursuant to a plea of guilty, of violating section 3(c) of the State Ethics Act. As noted, section 3(c) prohibits a public official from soliciting or accepting anything of monetary value based on any understanding of that public official that the vote, official action, or judgment of the public official would be influenced thereby. 65 P.S. § 403(c). While the alleged facts show that Desiderio was not convicted of bribery, the facts allege that he did accept a pecuniary benefit as consideration for his influence and exercise of discretion as a public official.

■ As in *Petition of Hughes*, this court has no difficulty in concluding that the crime of accepting money in exchange for official favors in violation of section 3(c) of the State Ethics Act falls within the ambit of *Shaver*. Therefore, the alleged facts would support the conclusion that Desiderio's crime for which he was convicted was infamous within the meaning of art. II, § 7 of the Pennsylvania Constitution.

imprisoned not more than twenty years, or

Accordingly, the alleged facts sufficiently state a cause of action in quo warranto and do not lack in specificity. Desiderio's first preliminary objection, therefore, is overruled.

Second, Desiderio's submits that the Attorney General lacks the capacity to bring suit. Desiderio supports this preliminary objection by asserting waiver, res judicata/collateral estoppel and laches.

With respect to waiver, Desiderio contends that the Attorney General declined in a written opinion dated December 13, 1994 to bring a suit in quo warranto against Desiderio. Therefore, the Attorney General has waived any right he may have had to file a complaint in quo warranto against Desiderio.

Desiderio has attached as Exhibit A to his preliminary objections the aforementioned December 13, 1994 letter. Therein, the Attorney General, in response to a pleading forwarded to his office challenging Desiderio's continuing to hold public office, set forth the internal policy of the Office of Attorney General. This internal policy requires the Attorney General to defer to the local district attorney in any action which would challenge the eligibility for office of any public office holder at the municipal government level. Therefore, the Attorney General advised that he would not join in any action in regard to the issue of Desiderio's eligibility to retain his position as a council member for Clairton Borough.

■ Although the Attorney General declined to bring a quo warranto action in 1994, this court does not believe that the Attorney General is now estopped on the basis of waiver from bringing the instant action. Generally, a quo warranto action can only be instituted by the Attorney General or by the local district attorney. *In re 100 or More Electors of Clairton*, 546 Pa. 126, 683 A.2d 283 (1996). At the time of the December 13, 1994 letter, the Attorney General, in his discretion, was deferring to the local district attorney. We do not believe that such an exercise of discretion now prohibits the Attorney General from bringing the present action. This is particularly true when the complaint alleges that Desiderio is presently

both.

holding public office in contravention of the Pennsylvania Constitution.

Next, Desiderio contends that the doctrines of res judicata and collateral estoppel bar this quo warranto action because the same issues raised in the instant action have already been litigated with our Supreme Court dismissing the action for lack of standing. Desiderio argues that the Attorney General is precluded from forcing him to bear the expense of re-litigating the same issues.

Previous to the filing of this complaint in quo warranto, a group of electors filed an action in quo warranto in the Court of Common Pleas of Allegheny County to remove Desiderio from office. The action ultimately reached our Supreme Court wherein the court held that the electors did not have standing to contest the council seat of a public officer through a quo warranto action. *In re 100 or More Electors of Clairton,* 546 Pa. at 132, 683 A.2d at 286.

■ The basis for the court's holding was that the electors failed to satisfy the criteria needed to initiate a quo warranto action at the time they filed suit and that the electors did not show any interest beyond that shared in common by all citizens of the Municipality of Clairton. *Id.* at 132–33, 683 A.2d at 286. The court pointed out that a quo warranto action can only be instituted by the Attorney General or by the local district attorney. *Id.* at 132, 683 A.2d at 286. A private person with standing will be permitted to bring a quo warranto action where the Attorney General and the local district attorney refuse to bring such an action or if it would be a futile exercise to seek the approval of these officials. *Id.* at 133, 683 A.2d at 286.

The Supreme Court stated that the record showed that the electors did contact the Attorney General by letter dated December 13, 1994, but the Attorney General informed the electors that he defers to the local district attorney in challenges to a person's eligibility to hold elected public office at the municipal government level. *Id.* at 133, 683 A.2d at 287. However, the Supreme Court pointed out that the same record showed that the electors failed to timely contact the county district attorney before instituting the quo warranto action. *Id.* at 134, 683 A.2d at 287. Accordingly, the Supreme Court affirmed the trial court's dismissal of the electors' quo warranto action. *Id.*

For either collateral estoppel or res judicata to apply, the issue or issues must have been actually litigated and determined by a valid and final judgment. *County of Berks ex rel. Baldwin v. Pennsylvania Labor Relations Board,* 544 Pa. 541, 678 A.2d 355 (1996).

■ While the quo warranto action brought by the electors of the Municipality of Clairton sought to remove Desiderio from public office, that action was clearly dismissed based on a lack of standing. The issue of whether Desiderio should be removed from public office pursuant to art. II, § 7 of the Pennsylvania Constitution was not actually litigated. Accordingly, we will not dismiss the instant action on the basis of collateral estoppel or res judicata.

Finally, Desiderio contends that the Attorney General is barred from bringing the instant action on the basis of laches. Desiderio argues that he was elected to public office in 1993 and took office in January 1994. Therefore, the Attorney General was aware of Desiderio's situation at least since 1994 but delayed in filing the instant suit until January 1997. Desiderio contends that he is prejudiced by the delay.

■ The doctrine of laches will require the dismissal of a complaint only when the party that raises laches demonstrates prejudice because of the opposing party's failure to pursue a claim at an earlier time. *Retirement Board of Allegheny County v. Allegheny County Retirees Association,* 139 Pa. Cmwlth. 418, 590 A.2d 1338 (1991).

■ Herein, Desiderio contends that he has been prejudiced by the Attorney General's failure to timely challenge his candidacy and election to office. Desiderio submits that his conviction of violations of the State Ethics Act is unrelated to his elected office and occurred ten years prior thereto. Desiderio contends that his violations of the State Ethics Act were well known in the community and were not concealed.

We do not believe that Desiderio's assertions are sufficient to show prejudice because of the Attorney General's failure to pursue this action at an earlier time. Moreover, this court has held that an expectation in the continuation of an elected office is insufficient to demonstrate prejudice for the purposes of laches. *Retirement Board of Allegheny County*, 590 A.2d at 1341. Therefore, we reject Desiderio's contention that the instant action should be dismissed on the basis of laches.

Accordingly, Desiderio's preliminary objection that the Attorney General lacks capacity to bring suit is overruled.

### ORDER

NOW, this 11th day of July, 1997, the preliminary objections filed by defendant Donald Desiderio are overruled. Donald Desiderio is directed to file an answer within twenty (20) days of the date of this order.