**COMMONWEALTH of Pennsylvania, ex rel. Thomas W. CORBETT, Jr., Attorney General, Plaintiff,**

**v.**

**James LARGE, Supervisor, Forward Township, Defendant.**

Commonwealth Court of Pennsylvania.

Argued April 15, 1998.

Decided July 21, 1998.

affirms or swears falsely in regard to any material matter before a commission proceeding pursuant to Section 8 is guilty of a felony and shall be fined not more than $5000 or imprisoned for not more than five years, or be both fined and imprisoned."

Thomas F. Halloran, Senior Deputy Attorney General, Pittsburgh, for plaintiff.

John F. Cambest, Pittsburgh, for defendant.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and LEADBETTER, JJ.

McGINLEY, Judge.

Presently before this Court for disposition, in our original jurisdiction, is a motion for judgment on the pleadings on the action in quo warranto filed by the Attorney General for the Commonwealth of Pennsylvania (Attorney General).[1] We grant the motion.

James Large (Large) currently serves as Township Supervisor with Forward Township, a second class township in Allegheny County, Pennsylvania.

On January 8, 1997, the Attorney General filed a complaint in quo warranto[2] against Large, alleging that he should forfeit his office because of a 1986 conviction on four counts of violating Section 9 of the State Ethics Act (Act)[3] for swearing falsely under oath before the State Ethics Commission.[4]

Section 9(e) of the Act, 65 P.S. § 409(e), provides that "[A]ny person who willfully

On or about August 1, 1997, Large filed an answer and new matter and the Attorney General replied. On September 22, 1997, the Attorney General moved for judgment on the pleadings.[5]

When ruling on a motion for judgment on the pleadings, the only pleadings to be considered are the complaint, answer and new matter. *Doria v. Pennsylvania Department of Corrections*, 158 Pa.Cmwlth. 59, 630 A.2d 980 (1993), *affirmed*, 539 Pa. 245, 652 A.2d 281 (1994). A motion for judgment on the pleadings, in this Court's original jurisdiction, will summarily dispose of a case where there exists no genuine issue of material fact and the moving party is clearly entitled to judgment as a matter of law. *Montgomery Hospital v. Medical Professional Liability Catastrophe Loss Fund*, 686 A.2d 432 (Pa. Cmwlth.1996).

Large admits in his answer to the following facts:

1. Large has been a duly elected supervisor of Forward Township since January 1996.

2. Large was convicted by a jury on four counts of violating Section 9(e) of the Act for swearing falsely under oath before the State Ethics Commission.

---

1. This case was originally argued on November 6, 1997 and failed to garner a majority vote from the members of this Court. On February 13, 1998, pursuant to Internal Operating Procedures, Rule No. 256, President Judge James Gardner Colins listed the above case for reargument before the Court *en banc*, on April 15, 1998 and this opinion follows.

2. The action of quo warranto is the sole and exclusive remedy of the attorney general or district attorney to challenge title or right to public office. *DeFranco v. Belardino*, 448 Pa. 234, 292 A.2d 299 (1972).

3. Act of October 4, 1978, P.L. 883, *as amended*, 65 P.S. § 409.

4. Large preliminarily challenged the complaint for failure of the Attorney General to state a claim, laches, waiver and the pendency of a prior action. On April 15, 1998, the parties hereto stipulated that the preliminary objection based on the pendency of a prior action (petition for clemency) has been withdrawn. This Court previously overruled the preliminary objections and ordered Large to file an answer. *See Commonwealth of Pennsylvania, ex rel. Thomas W. Corbett, Jr., Attorney General v. James Large, Supervisor, Forward Township*, No. 18 M.D.1997, (filed July 11, 1997).

5. Pa.R.C.P. No. 1034 provides that "after the pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings."

3. The trial court sentenced Large, on February 3, 1987, to imprisonment of not less than one year nor more than two years.

The Attorney General contends that the position of township supervisor is one of trust or profit within the meaning of Article II, Section 7 of the Pennsylvania Constitution which requires a forfeiture of an elected office if the elected official was guilty of an infamous crime.

Large contends that there are facts in dispute, specifically whether he was convicted of an infamous crime, and whether the Attorney General's action is barred by the doctrine of laches or waiver.[6]

Article II, Section 7 of the Pennsylvania Constitution states: "[N]o person hereafter convicted of embezzlement of public monies, bribery, perjury or other infamous crime, shall be eligible to the General Assembly, or capable of holding any office of trust or profit in this Commonwealth."

In the case, *In re Petition of Patricia A. Hughes*, 516 Pa. 90, 532 A.2d 298 (1987), our Pennsylvania Supreme Court held that Article II, Section 7 bars a candidate from holding public office after a conviction of an infamous crime.

In *Hughes*, our Supreme Court held that: "although the term 'infamous crimes' is not self-defining, when the language of Article II, Section 7 enumerates the crimes of bribery, embezzlement of public monies, and perjury, followed by the words 'or other infamous crimes,' the necessary implication is that the three enumerated crimes are infamous". *Hughes*, 516 at 95, 532 A.2d at 301. A

conviction of an infamous crime is likewise grounds for disqualification from holding public office. *Commonwealth v. Knox*, 172 Pa.Super. 510, 94 A.2d 128 (1953) *affirmed on opinion below*, 374 Pa. 343, 97 A.2d 782 (1953).

Our Supreme Court has further defined an infamous crime as: "one which upon conviction rendered a person incompetent to be a witness or juror." *In Re Joseph P. Braig*, 527 Pa. 248, 590 A.2d 284 (1991).

Webster's Dictionary defines perjury as:

1. The voluntary violation of an oath or vow either by swearing to what is untrue or by omission to do what has been promised under oath; false swearing; a willfully false statement of fact material to the issue made by a witness under oath in a competent judicial proceeding or under statute law so made on affirmation and in some jurisdictions any case including one that is extrajudicial of willful false statement made under an oath authorized to be administered by law.

2. An instance of false swearing or willful breach of oath.

Webster's Third New International Dictionary, 1682 (Merriam–Webster, 1986).

 Although Large was not convicted of perjury he was convicted by a jury of swearing falsely under oath. Both crimes consist of identical elements, and a conviction for swearing falsely under oath renders an individual incapable of being a competent witness for any purpose, or juror, and such a person is not capable of holding any office of trust or profit in this Commonwealth.[7]

---

**6.** Large denied that the position of Township Supervisor is one of trust or profit in his answer to the Attorney General's complaint:

9. The averments of Paragraph 9 of Plaintiff's Complaint are conclusions of law and, as such, require no response. To the extent that a response is deemed necessary, it is specifically denied that the office of Supervisor of forward Township is an office of "trust or profit" within the meaning of Article II, Section 7 of the Pennsylvania Constitution.

Defendant's Answer to Complaint in Quo Warranto and New Matter, July 30, 1997, Paragraph 9 at 2. However, the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101 – 68701, identifies the supervi-

sors as the governing board of the township whose duties are to ensure sound fiscal management and provide for the health, safety and welfare of its citizens, 53 P.S. § 65607, and establishes the compensation for the supervisors, 53 P.S. § 65601. Regardless, despite the allegation that the position of township supervisor is not one of trust or profit, Large did not preserve this issue in his statement of the question and under Rule 2116 it is waived. Pa.R.A.P., No. 2116.

**7.** Under the Pennsylvania Crimes Code, 18 Pa. C.S. § 4902, Perjury is defined as, "a felony of the third degree, if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement

Swearing falsely under oath is an infamous crime.

 Large also contends that the Commonwealth does not have the authority to remove him from office because of laches.[8] A party claiming the benefit of the doctrine of laches must demonstrate prejudice due to the lapse of time. *Beaver v. Penntech Paper Co.*, 452 Pa. 542, 307 A.2d 281 (1973). Large has established no such prejudice.[9]

Finally, Large contends that the Attorney General waived the opportunity to remove him from office because this action in quo warranto is based upon a conviction that predated his election.

 A waiver is defined as, "the act of intentionally relinquishing or abandoning some known right, claim or privilege," and will not be presumed or implied unless by his conduct the opposite party has been misled, to his prejudice, into the honest belief that such waiver was intended or consented to. *Brown v. City of Pittsburgh*, 409 Pa. 357, 186 A.2d 399 (1962).

 In 1994, the Attorney General declined to bring a quo warranto action in 1994, because of an internal policy to defer to the local district attorney in any action challenging an individual's eligibility for local government office. After the district attorney declined to challenge Large, the Attorney General timely proceeded. We find that this internal policy was not the equivalent of a waiver.

Further, prosecutorial discretion may depend on policy matters wholly apart from the existence or non-existence of probable cause. Courts are wary of supervising any exercise of such discretion. *Commonwealth v. Benz*, 523 Pa. 203, 565 A.2d 764 (1989). When determining whether a policy decision is an abuse of discretion, this Court must consider if the policy advanced by the Attorney General comports with both the law and justice. A policy must embrace the general principles by which the prosecutor is guided in the management of his public responsibilities. *Commonwealth v. Jury*, 431 Pa.Super. 129, 636 A.2d 164 (1993) *appeal denied*, 537 Pa. 647, 644 A.2d 733 (1994). Here, the Attorney General's policy to defer to the local district attorney was consistent with the Attorney General's management of his public responsibilities.

Accordingly, we grant the motion for judgment on the pleadings.

### ORDER

AND NOW, this 21st day of July, 1998, upon consideration of the Motion for Judgment on the Pleadings filed by the Commonwealth, it appearing that there are no facts or questions of law in dispute, said motion is granted, and James Large is removed from the office of Supervisor of Forward Township.

KELLEY, Judge, dissenting.

I respectfully dissent.

A ruling on a motion for judgment on the pleadings in this court's original jurisdiction is in the nature of a demurrer, so that all of the opposing parties' allegations of fact are viewed as true, and only those allegations specifically admitted may be considered against that party. *Montgomery Hospital v. Medical Professional Liability Catastrophe Loss Fund*, 686 A.2d 432 (Pa.Cmwlth.1996). A motion for judgment on the pleadings in this court's original jurisdiction will summarily dispose of a case only where there exists no genuine issue of material fact and the

---

is material and he does not believe it to be true." Under our Judicial Code, a conviction for perjury remains a ground for incompetency in all civil matters. 42 Pa.C.S. § 5922.

**8.** The test for applying laches is whether the party's failure to exercise due diligence resulted in prejudice from the delay. There must be some change in the condition or relations of the parties which occurs during the period the complainant unreasonably failed to act. *Nilon Brothers Enterprises v. Lucente*, 315 Pa.Super. 343, 461 A.2d 1312 (1983).

**9.** This Court has held that an expectation in the continuation of an elected office is insufficient to demonstrate prejudice for the purposes of laches. *Retirement Board of Allegheny County v. Allegheny County Retiree's Association*, 139 Pa.Cmwlth. 418, 590 A.2d 1338 (1991).

moving party clearly is entitled to judgment as a matter of law. *Id.*

Herein, the majority finds that there are no facts or questions of law in dispute. I disagree. I believe that if the allegations of fact, as alleged in Large's new matter, are taken as true, the entry of judgment on the pleadings in favor of the Attorney General would be improper. Large raises issues of material fact in his new matter particularly with respect to the defenses of waiver and laches. Laches is a factual question, and it can be determined only upon examination of all the circumstances, and generally not simply on the basis of pleadings. *Lehner v. Montgomery,* 180 Pa.Super. 493, 119 A.2d 626 (1956).

Accordingly, I believe that the motion for judgment on the pleadings should be denied.