IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| F.A. Properties Corporation, | : |
| Appellant | : |
| | : |
| v. | : No. 122 C.D. 2016 |
| | : Submitted: February 10, 2017 |
| City of Philadelphia, | : |
| Philadelphia Housing Authority | : |
| and Philadelphia Redevelopment | : |
| Authority | : |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: March 6, 2017

F.A. Properties Corporation (F.A. Properties) appeals from the order of the Court of Common Pleas of Philadelphia County (trial court) dismissing its Amended Petition for Appointment for a Board of View with prejudice because the matter was previously litigated and, therefore, precluded by the doctrines of *res judicata* and/or collateral estoppel.

**I.**

In 1988, F.A. Properties purchased property located at 761-765 N. 47th Street, Philadelphia, Pennsylvania, on which there were three apartment buildings (collectively, the property). After a fire occurred in one of F.A. Properties' apartment

buildings located at 763 N. 47th Street, in 1993, the City Department of Licenses and Inspections (L & I) issued a citation because the building was "imminently dangerous" as "fire damage to the main roof assembly has caused extensive collapse of roof leaving walls without lateral support." (Supplemental Reproduced Record (S.R.R.) at 20b.) L & I also inspected F.A. Properties' other two buildings on the property and issued citations because the premises were "vacant, open and a public nuisance." (S.R.R. at 16b.)

On the basis of these violations, the City of Philadelphia filed a complaint in the trial court after which the trial court judge entered an order requiring F.A. Properties to take all necessary actions to correct the property's cited violations. After several months of non-compliance with the order, the trial court judge issued a second order that was substantially similar to the first but providing that if remediation was not completed by F.A. Properties by November 24, 1993, the City of Philadelphia would be authorized to demolish the property.

On December 1, 1993, the trial court entered a permanent injunction authorizing the City of Philadelphia to demolish the property (demolition order). Thirty days later, F.A. Properties filed a petition to "vacate" the demolition order, which appears to be no different than a motion for reconsideration. F.A. Properties did not request a stay.

While awaiting the trial court's determination regarding its petition to vacate, on February 21, 1994, F.A. Properties filed for and obtained an emergency order from a different trial court judge. This order provided that the City of

Philadelphia cease and desist demolition of the property for several days. The emergency order did not, however, vacate or otherwise mention the demolition order. Notwithstanding this emergency order, it is alleged by F.A. Properties that the City of Philadelphia demolished the property on the same day that the emergency order was issued.

In March 1995, the trial court judge denied F.A. Properties' petition to vacate its demolition order. F.A. Properties then filed a notice of appeal to the Superior Court of Pennsylvania. This appeal was dismissed in August 1995 because F.A. Properties failed to file a brief.

## II.

In 1996, F.A. Properties sued the City of Philadelphia and some of its employees in the United States District Court, Eastern District of Pennsylvania (district court). Seeking compensatory and punitive damages as well as attorney's fees and costs, F.A. Properties alleged that the named defendants violated state and federal law by failing to comply with the emergency order. F.A. Properties also contended that due to numerous alleged procedural defects in the proceedings in the trial court, the demolition order was also a violation of its due process rights.

The district court granted the named defendants' motion for summary judgment, reasoning that those defendants could not have offended either state or federal law when demolishing the property because F.A. Properties failed to appeal the demolition order within 30 days of its entry, after which it became final, and any purported effect the emergency order had was void *ab initio* because the trial court

3

judge was without jurisdiction to modify it. *See* 42 Pa.C.S. § 5505; *see also* 42 Pa.C.S. § 5571; *see also* Pa. R.A.P. 903(a).

Regarding F.A. Properties' due process claim, the district court rejected the contention that the demolition order was invalid due to various alleged procedural defects. The district court then went on to reason that even if it were assumed that the emergency order suffered from all of these defects, F.A. Properties would still be unable to sustain its action. As pertinent, the district court explained:

> F.A. Properties had – and may still have – an array of state post-deprivation remedies at its disposal, including a contempt order from [common pleas judge] for violations of the Emergency Order. Alternatively, F.A. Properties could have brought a suit in tort. . . . The fact that F.A. Properties did not, or does not, pursue these remedies because, for example, state law deadlines contained in §§ 5505 and 5571 for pursuing them may have passed is not creative of a due process violation. As the Supreme Court stated in *Logan [v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)]:
>
>> [t]he state may erect reasonable procedural requirements for triggering the right to an adjudication, be they statues of limitations . . . or filing fees. And the state certainly accords *due* process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule. What the Fourteenth Amendment does require, however, is an *opportunity* . . . granted at a meaningful time and in a meaningful manner for [a] hearing appropriate to the nature of the case.
>
> The foregoing analysis applies to F.A. Properties' position concerning alleged procedural defects in the November 24, 1993 hearing. F.A. Properties concedes that it received the Demolition Order – entered on December 1, 1993 – no later than December 15, 1993. Thus, under § 5571, on

4

December 15, 1993, F.A. Properties still had two weeks within which to appeal. On appeal to the Superior Court, F.A. Properties could have collaterally attacked the Demolition Order on the grounds that it represented an order resulting from a hearing which F.A. Properties had no notice of. Because F.A. Properties had an *opportunity* – even though it failed to exploit it – to correct the notice infirmity within the state system, there is no due process violation. Similarly, the alleged defects arising out of F.A. Properties' contention that the Demolition Order was improperly deemed a permanent injunction – and should have actually been a preliminary injunction – was a matter that should have, and could have, been properly raised on state appeal. *Logan* equally disposes of all the miscellaneous other procedural imperfections in the entry of the Demolition Order that F.A. Properties either raised in its briefing or at oral argument.

*F.A. Properties Corporation v. City of Philadelphia*, Civil Action No. 96-1248 (E.D. Pa. Mar. 21, 1997) (internal citations and footnotes omitted) (emphasis in original). F.A. Properties appealed to the United States Court of Appeals for the Third Circuit, which affirmed.

## III.

In 2015, almost 20 years after the litigation in the district court concluded, F.A. Properties filed its Amended Petition for Appointment for a Board of View (Amended Petition) under the Eminent Domain Code of 1964[1] asserting a *de*

---

[1] *See* Act of June 22, 1964, Special Sess., P.L. 84, *as amended, formerly* 26 P.S. §§ 1–101– 1–903, repealed by Section 5 of the Act of May 4, 2006, P.L. 112. The current Eminent Domain Code, 26 Pa.C.S. §§ 101-1106, became effective September 1, 2006. It applies to all condemnations effected on or after that date. *See* 26 Pa.C.S. § 101 (Historical and Statutory Notes). Because all parties agree that the underlying events took place prior to the current Act's effective date, F.A. Properties filed this action within the 21-year statute of limitations provided for under the **(Footnote continued on next page…)**

5

*facto* taking of its property against the City of Philadelphia, Philadelphia Housing Authority (PHA), and Philadelphia Redevelopment Authority (PRA). Once again, F.A. Properties' core contention revolves around the allegation that the demolition of its property was the impermissible by-product of a defective demolition order and a failure to heed the emergency order.

The PRA, joined by the PHA and the City of Philadelphia (collectively, the Objectors), filed preliminary objections in the nature of a demurrer[2] asserting, *inter alia*, that F.A. Properties' Amended Petition should be denied because it is barred under the doctrines of *res judicata* and/or collateral estoppel. F.A. Properties, in turn, filed a motion for summary judgment and preliminary objections, primarily contending that the Objectors' preliminary objections should be deemed void *ab initio* because they are premature and because Objectors failed to attach to their preliminary objection an endorsed notice to plead. The trial court convened a hearing to decide whether F.A. Properties' Amended Petition states a valid taking claim.

---

**(continued…)**

Eminent Domain Code of 1964. 42 Pa.C.S. § 5530(a)(3); *see Stark v. Equitable Gas Co., LLC*, 116 A.3d 760, 766 (Pa. Cmwlth. 2015).

[2] In addition to joining the PHA's preliminary objections, the City of Philadelphia also filed a "Motion for Summary Judgment" seeking the denial of F.A. Properties' Amended Petition based on the grounds of *res judicata* and/or collateral estoppel. Likely because the City of Philadelphia joined in the preliminary objections and because preliminary objections are the exclusive method under the Code for raising objections to a petition for the appointment of a board of viewers alleging a *de facto* taking, *Lehigh-Northampton Airport Authority v. WBF Associates, L.P.,* 728 A.2d 981 (Pa. Cmwlth. 1999), the trial court construed this motion to be a preliminary objection.

At the hearing, the trial court rejected F.A. Properties' contention that Objectors' preliminary objections were defective and should, therefore, be dismissed. It then determined that F.A. Properties was attempting to once again collaterally attack the validity of the demolition order – which F.A. Properties failed to challenge on appeal to the Superior Court and unsuccessfully challenged in federal court more than 20 years ago. The trial court concluded that the *de facto* taking petition could not be maintained under the doctrines of *res judicata* and/or collateral estoppel and, therefore, did not take evidence or testimony on the merits. As the trial court explained:

> Maybe, when you filed your appeal with the Superior Court on April 7, 1996, maybe, when that appeal was filed, you could have been able to argue to the Superior Court to allow you to *nunc pro tunc* appeal back to [the demolition order] and say, the City owes me something because they [sic] destroyed my property while there was an order saying not to. Okay? Maybe you could have gotten the Superior Court to agree to hear your appeal.
>
> But they didn't. They denied it. So this injunction was only good until February 25 of 1994. It dissolves –
>
> * * *
>
> It did not vacate [the demolition] order. So if it had gone along procedurally in the proper way, then . . . the emergency judge[] would have been able to determine at that point in time whether he could do anything. . . .
>
> * * *
>
> When you didn't do anything after February 25, the underlying [demolition] order became final. When that became final, it is now [collaterally] estopped to this Court as to whether a condemnation proceeding can occur,

> because it was proper. There is no order saying it wasn't
> and it was never vacated.

(Reproduced Record (R.R.) at 706a-707a.) The trial court denied F.A. Properties' Amended Petition and dismissed the matter with prejudice.[3] This appeal by F.A. Properties followed.[4]

## IV.

On appeal,[5] F.A. Properties contends that the trial court erred when determining that this action is precluded under the doctrines of *res judicata* and/or

---

[3] On December 16, 2015, which is the same day as the hearing, the trial court issued an order sustaining the PRA's preliminary objection and dismissing F.A. Properties' Amended Petition with prejudice. On December 18, 2015, the trial court entered another order which once again sustained the PRA's preliminary objection; granted the City of Philadelphia's Motion for Summary Judgment; overruled F.A. Properties' preliminary objections to the PRA's preliminary objections; denied F.A. Properties' Motion for Summary Judgment; and dismissed F.A. Properties' Amended Petition for Appointment for a Board of View.

[4] Although F.A. Properties timely filed a Notice of Appeal with this court, when mailing service to the trial court, it apparently used an incorrect address. As a result, the trial court issued an opinion requesting for this court to quash F.A. Properties' appeal because it violated Pa. R.A.P. 906(a)(2). Because failure to comply with the above requirement is not a fatal defect that requires dismissal of an appeal, we decline to quash this appeal. *See* Pa. R.A.P. 902 ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.").

[5] "Our scope of review in a case where the trial court has sustained preliminary objections to a petition for an appointment of viewers is limited to a determination as to whether or not the findings are supported by competent evidence or an error of law was committed." *Darlington v. County of Chester*, 607 A.2d 315, 317 (Pa. Cmwlth. 1992) (citing *Miller Appeal*, 423 A.2d 1354 (Pa. Cmwlth. 1980)).

collateral estoppel. Contending that it cannot be precluded by a final order because the demolition order was invalid *ab initio* and because appealing the order was allegedly moot, F.A. Properties now seeks to litigate a different cause of action, although the underlying facts remain identical to those involved in its previous litigation.

The umbrella of *res judicata* includes technical *res judicata*,[6] or claim preclusion, and collateral estoppel, or issue preclusion. *Weney v. Workers' Compensation Appeal Board (Mac Sprinkler Systems, Inc.),* 960 A.2d 949, 954 (Pa. Cmwlth. 2008), *appeal denied,* 971 A.2d 494 (Pa. 2009). When invoking collateral estoppel, the following elements must be satisfied:

---

[6] In *Weney v. Workers' Compensation Appeal Board (Mac Sprinkler Systems, Inc.)*, 960 A.2d 949, 954 (Pa. Cmwlth. 2008), *appeal denied*, 971 A.2d 494 (Pa. 2009), we detailed the criteria necessary to establish technical *res judicata*:

> Under the doctrine of technical res judicata, often referred to as claim preclusion, 'when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded.' [*Henion v. Workers' Compensation Appeal Board (Firpo & Sons, Inc.)*, 776 A.2d 362, 365 (Pa. Cmwlth. 2001).] In order for technical res judicata to apply, there must be: '(1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the person and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued.' *Id.* at 366. Technical res judicata may be applied to bar 'claims that were actually litigated as well as those matters that *should have been* litigated.' *Id.* [ . . . ] 'Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and the new proceedings.' *Id.*

(Emphasis in original).

9

> Collateral estoppel bars any subsequent action where the sole issue requiring judgment was litigated previously. For collateral estoppel to apply, the following conditions must be met: (1) the issue or issue of fact previously determined in a prior action are the same (**no requirement that the cause of action be the same**); (2) the previous judgment is final on the merits; (3) the party against whom the doctrine is invoked is identical to the party in the prior action; and (4) the party against whom estoppel is invoked had full and fair opportunity to litigate the issue in the prior action.

*In re Sunoco Pipeline, L.P.*, 143 A.3d 1000, 1014-15 (Pa. Cmwlth. 2016) (internal citations omitted) (emphasis added).

What F.A. Properties fails to understand is that the trial court did not determine that the matter was precluded because the demolition order was valid, or because F.A. Properties could have successfully appealed the demolition order, or because the trial court did not understand that F.A. Properties was asserting a new cause of action. Instead, the trial court determined that F.A. Properties is precluded from collaterally attacking the demolition order because the issue of fact involved in both matters is identical and was decided in the previous actions in the trial court more than 20 years ago, it was a party in that previous action, and it had a full and fair opportunity to litigate and appeal for post-deprivation remedies.[7]

---

[7] F.A. Properties also redoubles its contention that the Objectors' preliminary objection should have been dismissed because it was filed prior to the appointment of viewers and was, therefore, premature, and because it did not include a notice to plead. Both of these contentions are wholly frivolous. As the trial court properly determined and Objectors repeatedly argue, preliminary objections may be filed prior to the appointment of viewers. *See, e.g.*, *Department of Transportation v. Harrisburg Coca-Cola Bottling Co.*, 414 A.2d 1097 (Pa. Cmwlth. 1980). Moreover, F.A. Properties supplies no authority that supports the proposition that a failure to attach a notice to plead is grounds for an affirmative defense to be stricken. Instead, "the preliminary **(Footnote continued on next page…)**

10

Having rejected F.A. Properties' contention, the PRA and the PHA[8] now request for an award of attorney's fees and costs for defending this appeal pursuant to Pa. R.A.P. 2744 which states that we "may award as further costs damages as may be just, including . . . a reasonable counsel fee . . . if [we] determine that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." An appeal is considered frivolous and warrants an award of attorney's fees under Pa. R.A.P. 2744 if, either as a matter of fact or law, the appellant's contentions have no likelihood of success. *Department of Commerce v. Casey*, 624 A.2d 247, 256 (Pa. Cmwlth. 1993).

We find that F.A. Properties' appeal meets that standard. As previously discussed, F.A. Properties' claim against Objectors unquestionably lacks legal merit. Moreover, F.A. Properties should have been aware of this fact given the time that has passed since the demolition of the property, its failure to appeal the demolition order, the district court's ruling explaining that an appeal would not necessarily be moot, and the trial court's explanation for why the demolition order could not be collaterally attacked more than 20 years after the fact.

Accordingly, because the trial court correctly determined that F.A. Properties previously litigated the same underlying issue and facts when it contested

---

**(continued…)**

objection must be endorsed with a notice to plead or no response will be required under Pa. R.C.P. No. 1029(d)." *Corbett v. Desiderio*, 698 A.2d 134, 137 (Pa. Cmwlth. 1997) (footnote omitted).

[8] The Philadelphia Housing Authority joined in the briefs that the Philadelphia Redevelopment Authority and the City of Philadelphia filed with this Court.

the demolition order more than 20 years ago, we affirm the trial court's order dismissing F.A. Properties' Amended Petition for Appointment for a Board of View with prejudice. Because we find that the appeal is frivolous, we also remand this matter to the trial court to determine the amount of reasonable attorney's fees due and owing to the PRA and the PHA as a result of this appeal.


_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

F.A. Properties Corporation,             :
                    Appellant            :
                                         :
                                         :
        v.                               : No. 122 C.D. 2016
                                         :
City of Philadelphia,                    :
Philadelphia Housing Authority           :
and Philadelphia Redevelopment           :
Authority                                :


**O R D E R**


AND NOW, this 6th day of  March, 2017, it is hereby ordered that the order of the Court of Common Pleas of Philadelphia County dated December 18, 2015, is affirmed, and this matter is remanded for further proceedings consistent with this opinion.


Jurisdiction relinquished.


_____
DAN PELLEGRINI, Senior Judge