# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Associated Property Management, : 
Inc., d/b/a Associated Realty : 
Property Management, Mark Bigatel : 
and Student Housing Association : 
of Pennsylvania, : 
             : 
            Petitioners : 
             : 
         v. : No. 280 M.D. 2017
           : Argued: December 4, 2017
Commonwealth of Pennsylvania, : 
Office of Attorney General, : 
             : 
           Respondent : 

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                        FILED: May 29, 2018

Before the Court are the preliminary objections of the Commonwealth of Pennsylvania, Office of Attorney General (OAG) to the petition for review filed by Associated Property Management, Inc. d/b/a Associated Realty Property Management (Associated), Mark Bigatel, and the Student Housing Association of Pennsylvania (SHA) (collectively, Petitioners), seeking declaratory judgment and a permanent injunction. We sustain the preliminary objections and dismiss the petition for review.

On June 20, 2017, Petitioners filed a petition for review in our original jurisdiction seeking declaratory relief and a permanent injunction. Associated is a property management company that manages rental housing for various tenants, including college students, in Pennsylvania. Mark Bigatel serves as the president of SHA, which is a non-profit corporation that maintains an office in Harrisburg, but provides a forum for Pennsylvania college and university student landlords to exchange ideas and information and to advocate for their common interests.

On or about February 15, 2015, OAG served a subpoena on Associated seeking various documents relating to the names and contact information of tenants, security deposit information, sample leases, marketing materials, and lawsuits that have been filed against it. Associated complied with OAG's request and provided the aforementioned information, including a sample lease, its rental Rules and Regulations, and its move-out instructions. Petitioners assert that OAG, acting through its Bureau of Consumer Protection, threatened to file suit if Petitioners did not execute an Assurance of Voluntary Compliance (Assurance). The proposed Assurance alleges that Petitioners violated the Unfair Trade Practices and Consumer

Protection Law (Consumer Protection Law)[1] and/or the Landlord and Tenant Act of

1951 (Landlord and Tenant Act)[2] in the following respects:

> 1. Providing insufficient notice to tenants of damages and costs;
>
> 2. Assessing administrative fees that were in violation of the law;
>
> 3. Disseminating confusing and misleading rules and regulations;
>
> 4. Assessing fines for violations of local ordinances;
>
> 5. Using confusing and misleading terms in the lease;
>
> 6. Using terms that governed the landlord's right to enter the premises that were inconsistent with the law;

---

[1] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§201-1 – 201-9.3. Specifically, Section 5 of the Consumer Protection Law states:

> In the administration of this act, [OAG] may accept an assurance of voluntary compliance with respect to any method, act or practice deemed to be violative of the act from any person who has engaged or was about to engage in such method, act or practice. Such assurance may include a stipulation for voluntary payment by the alleged violator providing for the restitution by the alleged violator to consumers, of money, property or other things received from them in connection with a violation of this act. Any such assurance shall be in writing and be filed with the court. Such assurance of voluntary compliance shall not be considered an admission of violation for any purpose. Matters thus closed may at any time be reopened by [OAG] for further proceedings in the public interest, pursuant to section 4.

73 P.S. §201-5.

[2] Act of April 6, 1951, P.L. 69, *as amended*, 68 P.S. §§250.101 – 250.602.

7. Limiting the tenant's right to purchase goods and services; and

8. Reserving the right to change the Rules and Regulations.

Petition for Review at ¶21.

The proposed Assurance states that the above deficiencies cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods. The Assurance would: (1) require Petitioners to comply with the Consumer Protection Law and the Landlord and Tenant Act; (2) prohibit the collection of administrative fees associated with tenants' breaches of the lease agreement; (3) prohibit the joint inspection requirement; (4) require advance notice of landlord entry for the purpose of maintenance; (5) prohibit the collection of attorney's fees unless the same would be awarded by a court; and (6) require payment of $57,824.32 to OAG along with payment of the costs of investigation.

The parties have attempted to, but have not resolved OAG's complaints. Petitioners believe that OAG's allegations that serve as the basis of the Assurance are grounded in an incorrect interpretation of the Consumer Protection Law and the Landlord and Tenant Act and an incorrect perception of Petitioners' business practices. Petitioners argue that OAG's threats are improper and detrimental to the well-being of law-abiding landlords in the Commonwealth. Petitioners contend that OAG arbitrarily and capriciously seeks to impose fines without a basis in fact or law.

Petitioners also contend that they and the other individual landlords must hire counsel to defend against OAG's allegations and the subpoenas that have been issued. They contend that hiring counsel and interposing a defense is costly and that similarly situated landlords may be compelled to settle with OAG to avoid

4

these costs. As a result, Petitioners seek relief by requesting declaratory judgment interpreting the Consumer Protection Law and the Landlord and Tenant Act and a permanent injunction to enjoin OAG's arbitrary and capricious enforcement of those statutes.

Respondent OAG concedes that it initiated an investigation of Petitioners for violations of the Consumer Protection Law and the Landlord and Tenant Act. As a result, OAG has been in discussions with Petitioners to resolve the matter. However, OAG has filed preliminary objections to the petition for review.[3]

OAG first asserts that SHA lacks standing because there is no allegation that it is investigating SHA. Although there is a blanket averment that OAG's investigation may lead to enforcement actions against SHA's members, OAG argues that a declaratory judgment cannot be obtained in anticipation of events that have not and may never occur and can only be obtained when there is an actual case or controversy. As a result, OAG contends that SHA should be dismissed as a party pursuant to Pa. R.C.P. No. 1028(a)(4).[4]

---

[3] As this Court has explained:

> In reviewing preliminary objections, all material facts averred in the complaint, and all reasonable inferences that can be drawn from them, are admitted as true. However, a court need not accept as true conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion. "Preliminary objections should be sustained only in cases that are clear and free from doubt."

*Seitel Data, Ltd. v. Center Township*, 92 A.3d 851, 859 (Pa. Cmwlth. 2014), *appeal dismissed*, 111 A.3d 170 (Pa. 2015) (citations omitted).

[4] Rule 1028(a)(4) states, "Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . legal insufficiency of a pleading (demurrer)[.]"

5

Second, OAG argues that Petitioners do not specify which portions of the Consumer Protection Law and the Landlord and Tenant Act that the investigation violates, so this Court should dismiss the petition for review pursuant to Pa. R.C.P. No. 1028(a)(3)[5] due to lack of specificity as required by Pa. R.C.P. No. 1019(a).[6] OAG contends that Petitioners' admission that they are seeking declaratory relief that goes beyond the terms of any particular lease seeks an advisory opinion.

Third, OAG argues that a permanent injunction is a remedy, and not a cause of action that can only be issued in response to a legal wrong. Petitioners seek to enjoin OAG from prosecuting them or from recovering costs in the absence of formal regulations that put them on notice of OAG's interpretation of the law. As a result, OAG requests that we sustain the preliminary objections and dismiss the petition for review seeking a permanent injunction.

On review, it is clear that Petitioners are not entitled to the requested declaratory and injunctive relief. "'Pennsylvania is a fact-pleading jurisdiction. A complaint must therefore not only give the defendant notice of what the plaintiffs' claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim.'" *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Commission*, 950 A.2d 1120, 1134 (Pa. Cmwlth. 2008) (citations omitted).

In the petition for review, Petitioners allege that OAG has erroneously interpreted the Consumer Protection Law and the Landlord and Tenant Act in pursuing its unfounded complaints about Associated's and Bigatel's rental practices.

---

[5] Rule 1028(a)(3) states, "Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . insufficient specificity in a pleading[.]"

[6] Rule 1019(a) states, "The material facts on which a cause of action . . . is based shall be stated in a concise and summary form."

Petition for Review at ¶¶26, 27.  Although they request a declaration that their leases do not violate the relevant law, Petitioners do not identify any section of any actual lease or the relevant sections of the Consumer Protection Law or the Landlord and Tenant Act at issue in this matter.[7]  Instead, Petitioners assert their own interpretations of the terms in a "specimen" lease and conclude that they do not violate those statutes.  Petition for Review at ¶¶29, 36.  Petitioners claim that these "kinds of provisions" satisfy the pleading requirements because their challenge is "stated more broadly than to a specific lease in itself" and that they are seeking a "declaration that goes beyond the terms of any given lease so that the matters may be settled generally and not in piecemeal litigation involving different parties and

---

[7] As this Court has explained:

> Pa. R.C.P. No. 1028(a)(3) permits a preliminary objection based on insufficient specificity of a pleading.  To determine if a pleading is sufficiently specific, a court must ascertain whether the facts alleged are sufficiently specific to enable a defendant to prepare his defense.  Preliminary objections in the nature of a motion for a more specific pleading raise the sole question of whether the pleading is sufficiently clear to enable the defendant to prepare a defense.  Further, in pleading its case, the complaint need not cite evidence but only those facts necessary for the defendant to prepare a defense.
>
> Additionally, in determining whether a particular paragraph in a complaint is stated with the necessary specificity, such paragraph must be read in context with all the allegations in the complaint.  Only then can a court determine whether the defendant is put on adequate notice of the claim against which it must defend.

*Unified Sportsmen of Pennsylvania*, 950 A.2d at 1134-35 (citations omitted).

7

different leases." Answer to Preliminary Objections at ¶¶24, 25.[8] Thus, Petitioners are not asking this Court to declare that the provisions of an executed lease are not unlawful under the Consumer Protection Law or the Landlord and Tenant Act or that OAG may not pursue an enforcement action under those statutes based on any particular lease.

As the Supreme Court has explained:

> Only where there is a real controversy may a party obtain a declaratory judgment. . . . A declaratory judgment must not be employed to determine rights in anticipation of events which may never occur or for consideration of moot cases or as a medium for the rendition of an advisory opinion which may prove to be purely academic.

*Gulnac by Gulnac v. South Butler School District*, 587 A.2d 699, 701 (Pa. 1991) (citations omitted). Moreover, "[i]t is well settled that '[i]n Pennsylvania, declaratory relief is unavailable when it is sought merely in anticipation of an action at law by another party.' Similarly, as here, where a declaratory judgment action has been filed in anticipation of an administrative enforcement proceeding, a court should decline to exercise jurisdiction." *GGNSC Clarion LP v. Kane*, 131 A.3d 1062, 1068-69 (Pa. Cmwlth.), *aff'd*, 152 A.3d 983 (Pa. 2016). Further, "[i]njunctive relief is not available to eliminate a possible remote future injury or invasion of rights." *Jamal v. Department of Corrections*, 549 A.2d 1369, 1371 (Pa. Cmwlth. 1988), *appeal denied*, 554 A.2d 512 (Pa. 1989) (citations omitted).

As a result, we will not grant the requested declaratory and injunctive relief in anticipation of any OAG enforcement proceeding. Petitioners can and may raise any claims regarding OAG's purported misapplication of the Consumer

---

[8] Petitioners' assertions "in [their] answer to the preliminary objections is clearly binding and cannot be ignored." *University of Dominica v. Pennsylvania College of Podiatric Medicine*, 446 A.2d 1339, 1341 (Pa. Super. 1982) (citation omitted).

Protection Law or the Landlord and Tenant Act in any enforcement actions that may be filed against them. Petitioners can refuse to execute the Assurance without liability, OAG may or may not proceed under the Consumer Protection Law, and Petitioners may raise any or all of these claims in any future enforcement proceedings, if any occur.[9]

Accordingly, the preliminary objections are sustained, and the petition for review is dismissed.

MICHAEL H. WOJCIK, Judge

---

[9] Petitioners' reliance on *Arsenal Coal Company v. Department of Environmental Resources*, 477 A.2d 1333 (Pa. 1983), and its progeny is misplaced. In those pre-enforcement cases, the statutory authority of the governmental entity to act in the first instance was at issue, which is not present in the instant appeal. *See, e.g.*, *Pennsylvania Dental Hygienists' Association, Inc. v. State Board of Dentistry*, 672 A.2d 414, 417 (Pa. Cmwlth. 1996) ("[C]osts incurred to challenge the regulations in a case-by-case post-enforcement proceeding are not the type of direct and immediate harm justifying this Court's exercise of its original jurisdiction.") (citation omitted).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Associated Property Management, : 
Inc., d/b/a Associated Realty : 
Property Management, Mark Bigatel : 
and Student Housing Association : 
of Pennsylvania, : 
                 : 
         Petitioners : 
                 : 
        v. : No. 280 M.D. 2017
                 : 
Commonwealth of Pennsylvania, : 
Office of Attorney General, : 
                 : 
         Respondent : 

## O R D E R

AND NOW, this 29th day of May, 2018, the preliminary objections of the Office of Attorney General are SUSTAINED, and the petition for review is DISMISSED.

_____
MICHAEL H. WOJCIK, Judge